IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

|  |  |  |
|---|---|---|
| In re | : | Chapter 11 |
| FORD CITY CONDOMINIUM ASSOCIATION, | : | Case No. 21-5193 |
| Debtor. | : | Honorable Carol A. Doyle |

## TOTAL MASONRY, LLC'S MOTION FOR RELIEF FROM THE AUTOMATIC STAY

Total Masonry, LLC ("Total Masonry"), a creditor of debtor Ford City Condominium Association ("Association"), respectfully that the Court enter an order modifying the automatic stay, under 11 U.S.C. § 362(d), granting Total Masonry leave to proceed with its motion seeking alternative service upon non-debtor defendants in the State Court Action described below. In support thereof, Total Masonry states as follows:

### I.     JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C §§ 157(a) and 1334. The motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), (g). The statutory basis for the relief requested herein is section 362 of Title 11 of the United States Code.

2.    Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### II.    PRELIMINARY STATEMENT

3.    Creditor Total Masonry currently has an action pending before the Circuit Court of Cook County, Chancery Division, against both the debtor Association and non-debtor Association members who own condominium units and parking spaces ("State Court Action"). The State Court Action arises from the Association's failure to pay Total Masonry for masonry and concrete repair work of the Association's common elements, resulting in Total Masonry recording a mechanics

1

lien against the non-debtor persons and entities who own portions of the Association's common elements, along with a breach of contract claim against the Association.

4. The purpose of the present motion is to ultimately serve process of its complaint in the State Court Action against those non-debtor defendants, by obligating the Association's board of managers to provide the non-debtor defendants with notice of Total Masonry's complaint.

5. Granting Total Masonry's requested relief will in no way advance Total Masonry's State Court Action against the debtor, only against the non-debtor defendants. Moreover, the non-monetary obligations Total Masonry asks the Association's board of managers to undertake is the same process that the board of managers would be required to undertake to provide notice of a mechanics lien under Section 18.4(r) of the Illinois Condominium Property Act.

6. As detailed below, because Total Masonry is not seeking to advance its State Court Action against the Association, and because the non-monetary obligations Total Masonry ultimately seeks to impose on the Association are obligations the Association is otherwise required to undertake regardless of this bankruptcy proceeding, Total Masonry asks this Court for an order modifying the automatic stay.

### III.    BACKGROUND

7. The underlying dispute among Total Masonry and the Association arises from a March 28, 2016 contract between the two, in which Total Masonry agreed to provide masonry and concrete repair work on the common elements of the Association's condominium buildings.

8. Total Masonry completed that work on December 13, 2018, and is owed two hundred and nineteen thousand eight-five dollars and eight cents ($219,085.08) by the Association.

9. On December 10, 2020, Total Masonry recorded its mechanics lien in the amount of two hundred and nineteen thousand eight-five dollars and eight cents ($219,085.08). The lien is

not recorded against the Association, as the Association does not own any real estate. Instead, the lien is recorded against the Association's members, who own the Association's common elements and who authorized the Association to enter into the contract with Total Masonry on the Association members' behalf.

10. On December 11, 2020, Total Masonry filed its state court action for: (1) foreclosure of its mechanics lien against the 317 unit owners that are the members of the Association; and (2) breach of contract by the Association. A true and correct copy of Total Masonry's state court complaint is attached as Exhibit 1, and the December 10, 2020 mechanics lien is attached as Exhibit B to Exhibit 1.

11. Total Masonry's first complaint count for foreclosure of its mechanics lien does not seek any relief against the Association, but only against the unit owners. *See* Exhibit ¶¶ 8-27. Count II of Total Masonry complaint is the only complaint count seeking relief against the Association. *See id.* ¶¶ 28-36.

12. On March 16, 2021, Total Masonry filed in the State Court Action a motion seeking alternative service as to the 317 non-debtor defendants[1], under 735 ILCS 5/2-203.1 ("State Court Motion for Alternative Service"). A true and correct copy of the State Court Motion for Alternative Service is attached as Exhibit 2.

13. There, Total Masonry requests that the Honorable Anthony C. Kyriakopoulos allow Total Masonry to obligate the Association's board of managers with the duty of serving the 317 Association members with Total Masonry's complaint and summons, using a procedure that

---

[1] Total Masonry does not seek to serve the Association in the State Court Motion for Alternative Service, as the Association was served on December 17, 2020, prior to the Association initiating this bankruptcy proceeding. *See* Exhibit 2 ¶ 2.

3

mirrors the Illinois Condominium Property Act's method of serving condominium association members with notice of a mechanics lien:

> **(r)** To accept service of a notice of claim for purposes of the Mechanics Lien Act on behalf of each respective member of the Unit Owners" Association with respect to improvements performed pursuant to any contract entered into by the Board of Managers or any contract entered into prior to the recording of the condominium declaration pursuant to this Act, for a property containing more than 8 units, and to distribute the notice to the unit owners within 7 days of the acceptance of the service by the Board of Managers. The service shall be effective as if each individual unit owner had been served individually with notice.

765 ILCS 605/18.4(r).

14. As detailed in the State Court Motion for Alternative Service, Total Power seeks alternative service of the summons and complaint upon the Association's members primarily due to the prohibitive cost of serving the 317 Association members, which would cost Total Power $19,419.42 for the Cook County Sheriff's office to make its service attempts, and would then result in additional costs to Total Power for special process servers to then serve those individuals not served by the Sheriff. That cost, which the Association members would ultimately bear under the Mechanics Lien Act, 770 ILCS 60/17(b), makes service impractical.

15. On May 13, 2021, Judge Kyriakopoulos entered and continued the State Court Motion for Alternative Service, due to the debtor Association's April 20, 2021 filing of its bankruptcy petition in this matter. A true and correct copy of that May 13, 2021 order is attached as Exhibit 3.

## IV.     RELIEF REQUESTED

17. Total Masonry respectfully requests that this Court enter an order, under Section 362(d) of the Bankruptcy Code, modifying the automatic stay to permit Total Masonry to proceed with its State Court Motion for Alternative Service and then continue the State Court Action only as to the non-debtor defendants.

## V.     BASIS FOR RELIEF REQUESTED

Pursuant to the Bankruptcy Code, an automatic stay blocks "the commencement or continuation . . . of a judicial . . . action or proceeding against the debtor that was or could have been commenced" before the bankruptcy. 11 U.S.C. § 362(a)(1). It also blocks actions or proceedings against a debtor "to recover a claim against the debtor that arose before the commencement of the case under this title." *Id.* A "claim" is defined in the Bankruptcy Code as follows:

(A) right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or

(B) right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured, or unsecured.

11 U.S.C. § 101(5).

But the automatic stay protection does not apply in all cases; there are statutory exemptions, and there are non-statutory exceptions. *Dominic's Rest. of Dayton, Inc. v. Mantia*, 683 F.3d 757, 760 (6th Cir. 2012). For instance, where there is a lawsuit against both a debtor and non-debtor parties, "the overwhelming majority of courts have held that the lawsuit is only stayed as to the bankrupt party, not as to the non-bankrupt codefendants." *In re Richard B. Vance & Co.*, 289 B.R. 692, 696-697 (Bankr. C.D. Ill. 2003) (citing *Pitts v. Unarco Industries, Inc.,* 698 F.2d 313, (7th Cir. 1983); *Royal Truck & Trailer, Inc. v. Armadora Maritima Salvadorena, S.A.,* 10 B.R. 488 (N.D.Ill. 1981); *Sav-A-Trip, Inc. v. Belfort,* 164 F.3d 1137 (8th Cir. 1999); *In re Miller,* 262 B.R. 499 (9th Cir.BAP 2001); *Lukas, Nace, Gutierrez & Sachs, Chartered v. Havens,* 245 B.R. 180 (D.D.C. 2000)).

And beyond merely pursuing litigation against non-debtor defendants, the automatic stay does not prevent a creditor from obligating the defendant-debtor to undertake certain actions in the non-bankruptcy litigation, such as obligating the debtor to respond to discovery in the non-bankruptcy litigation. *See In re Richard B. Vance & Co.*, 289 B.R. at 697 ("[I]t is now generally accepted that discovery pertaining to claims against the bankrupt's codefendants is not stayed, even if the discovery requires a response from the debtor, and even if the information discovered could later be used against the debtor.") (citing *In re Miller,* 262 B.R. 499 (9th Cir.BAP 2001); *Matter of Mahurkar Double Lumen Hemodialysis Catheter Patent Litigation,* 140 B.R. 969 (N.D.Ill. 1992); *In re Hillsborough Holdings Corp.,* 130 B.R. 603 (Bankr.M.D.Fla. 1991). Contra, In re Manown,* 213 B.R. 411 (Bankr.N.D.Ga. 1997)); *see also In re DiGiovanni*, 415 B.R. 120, 132 (Bankr. E.D. Pa. 2009) (lifting the stay to permit creditor "to enforce any non-monetary obligations that the Debtor may have in connection with the state court proceedings"); *Groner v. Miller (In re Miller)*, 262 B.R. 499, 505 (B.A.P. 9th Cir. 2001) (creditor's issuing of discovery against debtor in state court action did not violate automatic stay because the discovery did not constitute an 'issuance or employment of process' against Debtor or a 'judicial proceeding' against Debtor. If this were true, a debtor could never be called as a witness (even in actions where the debtor is not a party) without relief from the stay.").

Here, Total Masonry requests leave to modify the automatic stay to ultimately request the state court to obligate the Association's board of managers with undertaking purely non-monetary obligations: serving the non-debtor defendants with process. That non-monetary obligation is not onerous, but is the same procedure set forth in 765 ILCS 605/18.4(r) analogously obligating the Association's board of managers "to accept service of a notice of claim for purposes of the

6

Mechanics Lien Act on behalf of each respective member of the Unit Owners' Association." *See id*.

This in no way advances Total Masonry's claims against the debtor Association, as Total Masonry served the Association with process prior to the Association filing its bankruptcy petition. *See* Exhibit 2 ¶ 2. This is a purely non-monetary obligation that the Association would be otherwise obligated to undertake during the pendency of a bankruptcy proceeding under 765 ILCS 605/18.4(r).

## VI.   CONCLUSION

WHEREFORE, creditor Total Masonry, LLC respectfully requests that the Court enter an order modifying the automatic stay, under Section 362(d) of the Bankruptcy Code, so that Total Masonry can to proceed with its State Court Motion for Alternative Service, obligating debtor Ford City Condominium Association to undertake certain non-monetary obligations so that Total Masonry, LLC can serve process on the non-debtor defendants in the state court proceeding, and continue its litigation against the non-debtor defendants, and grant such further relief as may be equitable and just.

      Respectfully submitted,

      TOTAL MASONRY, LLC,

      */s/ M. Reas Bowman*
      One of its attorneys

M. Reas Bowman
Levin Ginsburg
180 N. LaSalle St., Suite 3200
Chicago, IL 60601
Tel: 312-368-0100
rbowman@lgattorneys.com