UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | (Subchapter V) |
| Ford City Condominium Association, | ) | Case No. 21-05193 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

### NOTICE OF MOTION

TO: ATTACHED SERVICE LIST

     PLEASE TAKE NOTICE that on the **5th day of August, 2021 at the hour of 10:00 a.m.,** or as soon thereafter as counsel can be heard, I shall appear before the Honorable Carol A. Doyle, Bankruptcy Judge, or before any other Judge who may be sitting in Judge Doyle's place, and present the **MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE,** a copy of which is attached hereto and herewith served upon you.

     **This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

     **To appear by video,** use the link: https://www.zoomgov.com/. Then enter the meeting ID and password.

     **To appear by telephone,** (1) call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

     **Meeting ID and password.** The meeting ID for this hearing is **161 155 8289** and the password id **Doyle742.** The meeting ID and password can also be found on the judge's page on the court's web site.

     **To reach Judge Doyle's web page** go to www.ilnb.uscourts.gov and click on the tab for Judges.

     **If you object to this motion** and want it called on the presentment date above, you may file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

                                      /s/Scott R. Clar
                                      Crane, Simon, Clar & Goodman
                                      135 S. LaSalle, Suite 3950
                                      Chicago, IL 60603
                                      sclar@cranesimon.com
                                      (312) 641-6777

## **CERTIFICATE OF SERVICE**

The undersigned, being first duly sworn on oath deposes and states that he caused a copy of the foregoing Notice and attached Motion to be served via the Court's Electronic Registration/email (as indicated) to all parties on the attached Service List on the 19th day of July, 2021.

/s/ *Scott R. Clar*

## SERVICE LIST

**Court's Electronic Registration**:
- **William B Avellone**   bill.avellone@charteredmgt.com
- **Matthew R Bowman**   rbowman@lgattorneys.com
- **John J Conway**   johnconway@shlawfirm.com
- **Daniel W Diamond**   ddiamond@goldenlawpc.com
- **Patrick S Layng**   USTPRegion11.ES.ECF@usdoj.gov
- **Phyllis Y Price**   pprice@pricelawofc.com
- **Peter A Siddiqui**   peter.siddiqui@katten.com, ecfdocket@kattenlaw.com
- **Shanita Q Straw**   sstraw@goldenlawpc.com, G5700@notify.cincompass.com

**Via Email:**
Mitchell Lieberman
mlieberman@noonanandlieberman.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | (Subchapter V) |
| Ford City Condominium Association, | ) | Case No. 21-05193 |
| | ) | |
| Debtor. | ) | Judge Carol A. Doyle |

**MOTION FOR TURNOVER OF PROPERTY OF THE ESTATE**

NOW COMES FORD CITY CONDOMINIUM ASSOCIATION, Subchapter V debtor/debtor in possession herein ("Debtor"), by and through its attorneys, and for its Motion for Turnover of Property of the Estate, pursuant to Sections 541, 542 and 543 of the Bankruptcy Code (the "Motion"), respectfully state as follows:

1. On April 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code. The Debtor is authorized to continue to operate its business and manage its properties as a debtor and debtor in possession pursuant to sections 1107(a) and 1108 and 1186 of the Bankruptcy Code.

2. William Avellone has been appointed Subchapter V trustee in this reorganization case.

3. This court has jurisdiction over this matter pursuant to 28 U.S.C. Sections 157 and 1134.

4. This matter constitutes a "core" proceeding within the meaning of 28 U.S.C. Section 157.

5. The statutory predicates for the relief requested in this Motion are Sections 541, 542 and 543 of the Bankruptcy Code.

**Relevant Factual Background**

6. The Debtor is a not-for-profit condominium association located at 4300 West Ford City Drive, Chicago, Illinois on a contiguous parcel of real property with the Ford City Mall. The Debtor acts as the governing body regarding administration and operation for all condominium unit owners in the Ford City Condominium.

7. The Debtor's Subchapter V Chapter 11 case was filed in order to take advantage of the automatic restraining provisions of Section 362 of the Bankruptcy Code, with respect to pending litigation against the Debtor.

**The Wilmington Lawsuit**

8. On September 13, 2017, the Debtor filed suit against Wilmington Savings Fund Society FSB d/b/a Christiana Trust, not in its individual capacity, but solely as trustee for BCAT 2015-14 BTT, U.S. Bank Trust National Association, as trustee of American Homeowner Preservation Trust Series 2015A+, and any unknown occupants ("Wilmington") for past due condominium assessments for the property commonly known as 4280 W. Ford City Drive, Unit 207, Chicago, Illinois 60652 (the "Property").

9. Wilmington became fee simple owner of the Property by virtue of a quit claim deed executed on July 19, 2017, and recorded on September 8, 2017, as document no. 1725119021. Wilmington's predecessor in interest, WILMINGTON SAVINGS FUND SOCIETY FSB D/B/A CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY, BUT SOLELYT AS TRUSTEE FOR BCAT 2015-14 BTT, acquired ownership of the Property via judicial sale that was confirmed on January 26, 2017, in case no. 2015-CH-6081.

10. The Debtor successfully took the position in litigation filed in the Circuit Court of Cook County in case no. 17 M1 71310 that Wilmington was liable for continuing

assessments due and owing to the Debtor associated with the Property (the "Wilmington Litigation").

11. On December 28, 2018, the Circuit Court of Cook County entered a judgment in the Wilmington Litigation in favor of the Debtor and against Wilmington in the amount of $32,258.82 (the "Wilmington Judgment").

12. On January 15, 2019, Wilmington filed a Notice of Appeal of the Wilmington Judgment (the "Wilmington Appeal").

13. Pending the outcome of the Wilmington Appeal, the Circuit Court of Cook County entered an Order on January 28, 2019, staying monetary judgment and judgment of possession pending appeal (the "Stay Order"). A copy of the Stay Order is attached to this Motion as **Exhibit A**.

14. Under the terms of the Stay Order, Wilmington was directed to tender the sum of $36,750.00 to Wilmington's attorneys, Noonan & Lieberman, Ltd. ("N&L"), to be held in N&L's client-trust account pending appeal (the "Escrowed Funds").

15. The Escrowed Funds were to be held in N&L's client-trust account until the earlier of the following:

    A. Upon the Judgment of the Circuit Court being affirmed by the appellate court no later than 35 days after entry of an Order affirming the Wilmington Judgment;

    B. Upon written agreement of the Debtor and Wilmington to disburse the Escrowed Funds and in the alternative matter; or

    C. Upon further order of Court as directed.

16. On January 28, 2020, the Appellate Court of Illinois for the First Judicial District denied the Wilmington appeal and affirmed the Wilmington Judgment (the "Appellate Opinion"). A copy of the Appellate Opinion is attached hereto as **Exhibit B**.

17. Counsel for the Debtor has confirmed with N&L that the Escrowed Funds in the amount of $36,750.00 continue to be held in N&L's client-trust account.

18. By this Motion, the Debtor seeks the entry of an Order directing turnover of the Escrowed Funds by N&L as property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code, for which turnover may be compelled pursuant to Section 542 of the Bankruptcy Code or, in the alternative, to the extent that N&L is considered a custodian, that turnover of the Escrowed Funds may be compelled pursuant to Section 543 of the Bankruptcy Code.[1]

**Turnover of Funds Pursuant to Either Section 542 or 543
of the Bankruptcy Code**

19. Section 542(a) provides, in pertinent part:

Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of that property of the Trustee may use, sell, or lease under Section 363 of this Title…shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit of the estate.

20. Section 543 of the Bankruptcy Code provides, in pertinent part:

Subparagraph (b) a custodian shall – 1) deliver to the trustee any property of the debtor held by or transferred to such custodian, or proceeds, product, offspring, rents, or profits of such property, that is in such custodian's possession, custody, or control on the date that such custodian acquires knowledge of the commencement of the case; and 2) file an accounting of any property of the debtor, or proceeds, products, offspring, rents, or profits of such property, that, at any time, came into the possession, custody, or control of such custodian.

---

[1] Counsel for Wilmington has agreed that the Debtor need not file an adversary proceeding for turnover of the Escrowed Funds.

21, The Escrowed Funds are unquestionably property of the Debtor's estate pursuant to Section 541 of the Bankruptcy Code, since the Escrowed Funds represent unpaid assessments for the Property to which the Debtor is entitled.

22. Turnover of the Escrowed Funds may be compelled by this Court pursuant to Section 542 of the Bankruptcy Code to the extent that N&L are not custodians, or pursuant to Section 543 of the Bankruptcy Code if N&L are custodians of the Escrowed Funds pursuant to Section 543 of the Bankruptcy Code.

WHEREFORE, FORD CITY CONDOMINIUM ASSOCIATION, Subchapter V debtor/debtor-in-possession herein, prays for the entry of an Order as follows:

A. Directing the law firm of Noonan & Lieberman Ltd. to immediately turn over the Escrowed Funds, as that term is defined in the Motion, pursuant to Section 542 of the Bankruptcy Code; or in the alternative, directing Noonan & Lieberman Ltd. as custodian to turnover the Escrowed Funds; and

B. Such other relief as may be just and equitable.

                               Respectfully submitted,

                               FORD CITY CONDOMINIUM ASSOCIATION

                               By:  /s/Scott R. Clar
                                     One of its attorneys

**DEBTOR'S COUNSEL:**
Scott R. Clar
 (Atty. No. 06183741)
Crane, Simon, Clar & Goodman
135 S. LaSalle St., Suite 3950
Chicago, IL 60603
(312) 641-6777
sclar@craneheyman.com
\s\mjo2\kford city\ext time file plan.mot and NOM

-8-