**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Ford City Condominium Association | ) | (Subchapter V) |
| Debtor-in-possession. | ) | |
| | ) | |
| _____ | ) | |
| | ) | Bankruptcy No 21-05193 |
| Ford City Condominium Association, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | Honorable Judge Carol A. Doyle |
| | ) | |
| Ebony Lucas | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | Adversary No. 21-***** |
| | ) | |
| | ) | |

**COMPLAINT TO AVOID AND RECOVER TRANSFER PURSUANT TO SECTION 547 OF THE BANKRUPTCY CODE, OR, IN THE ALTERNATIVE SECTION 549 OF THE BANKRUPTCY CODE**

Plaintiff, Ford City Condominium Association ("Debtor"), brings this complaint to avoid and recover a transfer made by the Debtor to Defendant, Ebony Lucas, ("Lucas") either prior and/or in the alternative after the filing of the Debtor's bankruptcy petition for relief under Subchapter V Chapter 11 of the United States Bankruptcy Code. (the "Complaint").[1]

---

[1] The Debtor is unsure as to the exact timing of the clearing of the Debtors check to Lucas, as opposed to the exact timing of the filing of the Debtor's Chapter 11 case, both of which occurred on April 20, 2021.

1

## INTRODUCTION

1.     On April 20, 2020, this Court entered an order for relief in the above-captioned matter pursuant to a Voluntary Petition under Subchapter V Chapter 11 of the United States Bankruptcy Code (the "Petition Date").

2.     This Complaint is brought pursuant to 11 U.S.C §§ 547 or 549, and 550 of the Bankruptcy Code, and seeks the recovery of property transferred to Lucas.

## PARTIES

3.     The Debtor is a condominium association operating and existing under the laws of the State of Illinois as a not-for-profit corporation. The Debtor's primary business is to collect assessments and pay expenses for common areas for the benefit of the association's unit owners. The Debtor is currently managing its business as a debtor-in-possession pursuant to 11 U.S.C § 1184 of the Bankruptcy Code.

4.     The Defendant, Lucas, is an individual and an attorney with offices at 641 E. Pershing Rd. Unit E, Chicago IL 60653.  Prior to the bankruptcy proceeding, Lucas was employed by the Debtor, to *inter alia*, collect its unpaid assessments and straighten corporate government issues.

## JURISIDICTION AND VENUE

5.     This Complaint arises in the Debtor's Subchapter V Chapter 11 case.

6.     Pursuant to 28 U.S.C. § 1334(b), this Court has subject matter jurisdiction over this proceeding, which is referred here pursuant to 28 U.S.C. § 157(b) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

7. The Complaint is a core proceeding under 28 U.S.C. § 157(b)(2)(B) and (H), and this Court has constitutional authority to enter final judgments and orders herein. If a court determines that any portion of this proceeding is not a core proceeding or that a bankruptcy judge does not have constitutional authority to enter final judgments in this proceeding, the Plaintiff consents, pursuant to 28 U.S.C. § 157(c), to a bankruptcy judge hearing and finally determining the proceeding and entering appropriate orders and judgments.

8. This Court is the proper venue for this Complaint pursuant to 28 U.S.C. §§ 1408 and 1409.

## FACTS

9. On or about April 15, 2020, the Debtor delivered a check in the sum of $25,015.00 to Lucas (the "Payment"). Lucas negotiated the check on or about the same day as the Petition Date.

10. At the time of the Payment, Lucas was a creditor of the Debtor.

11. The Payment represents an avoidable preferential transfer because it was made within 90 days before the Petition Date or, alternatively, the Payment is an avoidable post-petition transfer depending on the timing of the cashing of the Payment check.

### COUNT I – RECOVERY OF AVOIDABLE PREFERENCE PAYMENT PURSUANT TO 11 U.S.C. §§ 547 AND 550

12. The Plaintiff incorporates the allegations of paragraphs 1 – 11 above as fully set out herein.

13. The Payment constitutes a transfer of property of the Debtor to or for the benefit of Lucas, a creditor.

14. The Payment constitutes a payment of an antecedent debt, in that the payment represents payment of past due invoices.

15. The Payment occurred within the 90 days before the Petition Date.

16. The Debtor made the transfer to Lucas while insolvent.

17. Lucas received more than she would have received if this case were a case under Chapter 7.

18. Pursuant to 11 U.S.C § 550, the Debtor may recover, for the benefit of the estate the property transferred from the initial transferee.

19. Lucas was the initial transferee of the Payment and received the immediate benefit of $25,015.00.

20. The Payment constitutes an avoidable preference pursuant to 11 U.S.C § 547 of the Bankruptcy Code.

WHEREFORE, the Debtor respectfully requests that this Court grant judgment as follows:

A. Declare the Payment to be an avoidable transfer and award judgment against Lucas in the amount of $25,015.00 plus interest thereon to the date of payment.

B. Grant such other and further relief as this Court deems just and proper.

### COUNT II – IN THE ALTERNATIVE, RECOVERY OF POST-PETITION PAYMENT PURSUANT TO 11 U.S.C §§ 549 AND 550

21. The Plaintiff incorporates the allegations of paragraphs 1 – 20 above as fully set out herein.

22.    The Payment, if it occurred after the filing of the Debtor's Chapter 11 case, constituted an unauthorized post-petition transfer avoidable under 11 U.S.C. § 549 of the Bankruptcy Code.

23.    Pursuant to 11 U.S.C § 550, the Debtor may recover, for the benefit of the estate the property transferred from the initial transferee.

24.    Lucas was the initial transferee of the Payment and received the immediate benefit of $25,015.00.

WHEREFORE, the Debtor respectfully requests in the alternative that this Court grant judgment as follows:

A. Declare the Payment to be an avoidable post-petition transfer and award judgment in favor of the Debtor and in the amount of $25,015.00, plus interest thereon to the date of payment.

B. Grant such other and further relief as this Court deems just and proper.

                Respectfully Submitted,

                Ford City Condominium Association,
                     Debtor,

                By: /s/Jacob Comrov
                    One of its attorneys

**Debtor's Counsel**:
Scott R. Clar, Esq. (Atty. No. 06183741)
Jacob D. Comrov, Esq. (Atty. No. 06326738)
Crane, Simon, Clar & Goodman
135 S. LaSalle Street, Suite 3950
Chicago, IL 60603
312-641-6777

5