## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| FORD CITY CONDOMINIUM ASSOCIATION | ) | Case No. 21-5193 |
| | ) | |
| Debtor. | ) | Hon. Carol A. Doyle |

### MOTION TO MODIFY AUTOMATIC STAY

**NOW COMES** the Movant, Parkway Elevators, Inc. ("Parkway"), by and through its attorneys, Sullivan Hincks & Conway, and respectfully moves this Honorable Court for an order modifying and/or lifting the automatic stay pursuant to 11 U.S.C. § 362(d), for leave to proceed with a State Court action defined below, and in support thereof states as follows:

### JURISDCITION AND VENUE

1. Jurisdiction of this matter arises in this court under 28 U.S.C. § 1334(b) and 28 U.S.C. § 157(a)(2)(g) as a motion to modify the automatic stay under 11 U.S.C. § 362(d)(1). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2. Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

### PRELIMINARY STATEMENT

3. Parkway currently has an action pending in the Circuit Court of Cook County, Chancery Division against the Debtor seeking to foreclose its mechanics lien styled as a counterclaim in *Ditech Financial LLC v. v. Ford City Condominium Association, et al.* (Case No. 2018 CH 014795) (the "**State Court Action**") and filed on August 15, 2019.

4. The State Court Action is an action to foreclose on a mechanics lien; for breach of contract; and for unjust enrichment.

5.      The Debtor did not file an appearance in that case and Parkway's action remains pending.

6.      The Debtor, FORD CITY CONDOMINIUM ASSOCIATION ("Debtor"), filed its Petition on April 20, 2021. The Petition lists the Movant, Parkway, as a creditor.

7.      Parkway is an Illinois corporation in the business of installing and servicing elevators. Parkway repaired the common element elevators at the Ford City Condominium Complex pursuant to a written contract. Parkway is owed $57,871.15 with interest accruing since May 25, 2018. A copy of Parkway's Mechanic's Lien Foreclosure claim is attached as Exhibit 1. Parkway's mechanic's lien is attached to the Claim as an exhibit.

8.      The Debtor executed the contract and subsequently defaulted after Parkway completed the work.

## RELIEF REQUESTED

9.      Parkway respectfully requests that this Court enter an Order modifying the automatic stay to permit the State Court Action to proceed against the Debtor for foreclosure of its mechanics lien and other relief.

## BASIS FOR RELEIF REQUESTED

10.     11 U.S.C. § 362(d)(1) provides that on request of a party in interest, the Court shall grant relief from the automatic stay for cause, including the lack of adequate protection of an interest in property of such party in interest.  11 U.S.C. § 362 (d)(1).

11.     Moreover, "for cause" has been shown where a debtor does not have subject real estate adequately insured against fire and other potential loss. *In re Ausherman*, 34 B.R. 393, 394 (N.D. Ill. W.D. 1983).

12.     In the matter at bar, the Debtor has failed to even minimally maintain the property. The Debtor has failed to pay the City of Chicago for the water supplied to the condominium units

such that the supply of water to the units was threatened with shut off unless significant payments were made on the bill that exceed $1 million dollars! Such gross mismanagement is astonishing.

13.    The Debtor needed its elevators repaired and maintained which Parkway completed under a written contract only to be told after the work was completed that the Debtor could not pay.

14.    There has been no accounting provided thus far in this bankruptcy action that indicates what the Debtor has done with all of the money it has collected in assessments.

15.    As of the writing of this motion, no plan has been filed.

16.    Consequently, Parkway's interest in the Property is not adequately protected and "for cause" grounds exist to lift or otherwise modify the automatic stay so that Parkway may protect its interest and the value of the Property.

17.    In the alternative, Section 263 (d)(2) provides that a stay may be lifted where the debtor has no equity in the property and the property is not necessary to an effective reorganization. 11 U.S.C. § 362 (d)(2).

18.    The Debtor has no ascertainable equity in any of the units that are the subject of the mechanics lien. No plan has been filed to indicate how Parkway will be protected or how the Debtor has any equity in any property at issue.

19.    As a result, Parkway should be allowed to move forward with its mechanics' lien foreclosure and have the automatic stay lifted pursuant to Section 362(d)(2) of the Bankruptcy Code, as an alternative remedy.

20.    Before deciding whether or not to lift an automatic stay, the bankruptcy court must consider the following factors: 1) the prejudice to the debtor from allowing the non-bankruptcy litigation to continue; 2) the relative hardship to the debtor and to the party seeking relief; and 3) the creditor's probability of prevailing on the merits in the litigation. *In the Matter of Udell*, 18 F. 3d 403, 410 (7th Cir. 1994).

21.     There is no prejudice to the Debtor in lifting the automatic stay because the Debtor has no valid interest or any equity in the Property to be foreclosed. Moreover, the Debtor has not filed any plan and has not indicated how Parkway's interest could be protected.

22.     The relative hardship to the party seeking relief is great in that Parkway is continuing to lose substantial financial interests since its unpaid amount continues to accrue interest.

23.     The probability of the Movant prevailing on the merits of this issue is great in light of the circumstances, which include the written contract and the completion of the elevator service without complaint.

24.     This Motion is not brought for the purposes of delay or harassment.

25.     The interests of justice will be served by grant of this Motion.

**WHEREFORE**, the Movant, Parkway Elevators, Inc., respectfully requests this Honorable Court lift and/or otherwise modify the automatic stay to allow the Movant to prosecute its action to foreclose on its mechanics lien, and to grant such other and further relief as this Honorable Court deems just and proper.

Respectfully Submitted,
Parkway Elevators, Inc.

By: _____
One of its attorneys

John J. Conway
Sullivan Hincks & Conway
120 West 22nd Street, Suite 100
Oak Brook, IL 60523
630-573-5021
johnconway@shlawfirm.com
Attorney No. 6217597