**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 21-05193 |
| | ) | (Subchapter V) |
| FORD CITY CONDOMINIUM | ) | |
| ASSOCIATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Judge Carol A. Doyle |

# NOTICE OF MOTION

TO: See attached list.

PLEASE TAKE NOTICE that on August 11, 2022 at 10:00 a.m., I will appear before the Honorable Carol A. Doyle, or any judge sitting in her place, and present *The Trustee's Motion for Rule To Show Cause why The Property Law Group, LLC Should Not Be Held in Contempt for Failure To Comply With the Court's Order Dated July 21, 2022*, a copy of which is attached.

**This motion will be presented and heard electronically using Zoom for Government.** No personal appearance in court is necessary or permitted. To appear and be heard on the motion, you must do the following:

**To appear by video**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password**. The meeting ID for this hearing is 161 155 8289 and the password is Doyle742. The meeting ID and password can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without a hearing.

Dated: August 4, 2022

**WILLIAM AVELLONE, SUBCHAPTER V TRUSTEE OF THE FORD CITY CONDOMINIUM ASSOCIATION**

By: /s/ Elizabeth L. Janczak
      One of His Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
311 South Wacker Drive, Ste. 3000
Chicago, Illinois  60606-6677
Telephone:   (312) 360.6000
Facsimile:    (312) 360.6520
sderousse@freeborn.com
ejanczak@freeborn.com

*Counsel for the Trustee*

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | Case No. 21-05193 |
| | ) | (Subchapter V) |
| FORD CITY CONDOMINIUM | ) | |
| ASSOCIATION, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Honorable Judge Carol A. Doyle |

### CERTIFICATE OF SERVICE

I, Elizabeth L. Janczak, an attorney, hereby certify that on August 4, 2022, I caused a true and correct copy of the attached *Notice of Motion* and *The Trustee's Motion for Rule To Show Cause why The Property Law Group, LLC Should Not Be Held in Contempt for Failure To Comply With the Court's Order Dated July 21, 2022,* to be filed with the Court and served upon the following party by the manner listed below.

/s/ Elizabeth L. Janczak

**CM/ECF Service List**

William B. Avellone   bill.avellone@charteredmgt.com
Peter C Bastianen    bkpleadingsNORTHERN@il.cslegal.com
Matthew R Bowman   rbowman@lgattorneys.com
Scott R Clar       sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com
Jacob Comrov       jcomrov@cranesimon.com, jdcomrov@gmail.com
John J Conway       johnconway@shlawfirm.com
Jeffrey L. Gansberg    jeffrey.l.gansberg@usdoj.gov
Charles A King      chuck.king@cityofchicago.org
Patrick S Layng      USTPRegion11.ES.ECF@usdoj.gov
Ebony Lucas       attorney@creditpeaceofmind.com; elucas@plgesq.com
Phyllis Y Price       pprice@pricelawofc.com
Peter A Siddiqui      peter.siddiqui@katten.com, ecfdocket@kattenlaw.com
Shanita Q Straw     sstraw@goldenlawpc.com, G5700@notify.cincompass.com

**U.S. Mail Service List**

The Property Law Group, LLC
c/o Ebony Lucas, Registered Agent
641 E. Pershing Road, Unit E
Chicago, IL 60653

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FORD CITY CONDOMINIUM ASSOCIATION, | ) ) | Case No. 21-05193 (Subchapter V) |
| | ) | |
| Debtor. | ) | Honorable Judge Carol A. Doyle |
| | ) | |
| | ) | Hearing Date: August 11, 2022 at 10:00 a.m. |

**TRUSTEE'S MOTION FOR RULE TO SHOW CAUSE WHY
THE PROPERTY LAW GROUP, LLC SHOULD NOT BE HELD IN CONTEMPT FOR
FAILURE TO COMPLY WITH THE COURT'S ORDER DATED JULY 21, 2022**

William Avellone (the "Trustee" or "Plaintiff"), not individually but solely as subchapter V trustee for the estate of the Ford City Condominium Association (the "Debtor"), by and through his undersigned counsel, pursuant to 11 U.S.C. § 105(a), hereby moves (the "Motion") this Court for entry of an order for rule to show cause for why The Property Law Group, LLC, ("PLG") should not be held in contempt for failure to comply with the Court's Order dated July 21, 2022 (the "July 21 Order") (ECF No. 48, Case No. 21-00183) and requesting entry of sanctions against PLG and attorneys' fees in favor of the Trustee and against the Defendant. In support of the Motion, the Trustee states as follows:

**Introduction**

1.  The Trustee brings this Motion because of PLG's repeated failures to comply with discovery rules and the Court's own order compelling PLG to turn over PLG's case files relating to the Debtor. PLG has now ignored several separate deadlines to provide the requested documents in response to the Trustee's Discovery Requests (defined below), including the July 28, 2022 deadline set by the Court the July 21 Order.

6038533v1/34464-0001

2. The Trustee has been severely prejudiced by PLG's actions, including incurring attorneys' fees and delay in obtaining the Debtor's legal case files requested months ago. Accordingly, the Trustee requests that the Court enter sanctions against PLG and award the Trustee his attorneys' fees and costs incurred in connection with the motion to compel and this Motion.

## Jurisdiction and Venue

3. This Court has subject matter jurisdiction over this matter which arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court"), case number 21-05193, under 28 U.S.C. §§ 157 and 1334.

4. This is a core proceeding under 28 U.S.C. § 157(b)(2).

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## Background

6. On April 20, 2021 (the "Petition Date"), the Debtor filed a voluntary petition for relief under subchapter V of chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Illinois (the "Court") and William Avellone was appointed as the subchapter V trustee the next day. (ECF Nos. 1,4).

7. On September 2, 2021 the Court entered an removing the Debtor as debtor-in-possession and appointing the Trustee to perform the Debtor's duties under 11 U.S.C. §§ 704(a)(8) and 1106(a)(1), (2), and (6). (ECF No. 129),

8. On August 27, 2021, the Debtor, then the debtor-in-possession, initiated the above-captioned adversary proceeding against Ebony Lucas by filing a complaint seeking, *inter alia*, to avoid and recover a transfer pursuant to sections 547, 549, and 550 of the Bankruptcy Code. (Case No. 21-ap-183, ECF No. 1).

2

9. On August 31, 2021, the Debtor filed an amended complaint in this adversary proceeding, substituting PLG, as the proper defendant and removing Ebony Lucas.

10. On October 14, 2021 the Court entered an order substituting the Trustee as plaintiff in this adversary proceeding. (No. 21-ap-183, ECF No. 12).

11. The Court entered a default judgment against the Defendant on February 24, 2022, but the Defendant subsequently filed several motions to reopen the adversary proceeding and to vacate the default judgment.

12. On March 31, 2022 the Court entered an order reopening the adversary and vacating the default judgment. (No. 21-ap-183, ECF No. 33).

13. On May 16, 2022 the Defendant filed an amended answer. (No. 21-ap-183, ECF No. 39).

14. On May 18, 2022 the Trustee served the Defendant the *Trustee's First Set of Discovery Requests Directed to Defendant* ("Discovery Requests") via email and U.S. mail, which provided PLG 30 days to respond.

15. The Discovery Requests included requests for production of documents ("Document Requests") seeking production of 24 separate categories of documents including "[a] complete copy of all Your case files for all matters You handled for the Debtor."

16. After PLG failed to produce documents, the Trustee filed a motion to compel (the "Motion to Compel") production of responsive documents on July 14, 2022 pursuant to Bankruptcy Rules 7026 and 7037 or, in the alternative, requiring PLG to turn over documents relating to its representation of the Debtor pursuant to section 542(e). (Case No. 21-ap-183, ECF No. 42).

17. The Court entered an order granting the Trustee's motion to compel, ordering PLG to produce the requested documents " including hard copy and electronic case files and communications from Defendant's representation of the Debtor, by July 28, 2022." (Case No. 21-ap-183, ECF No. 48).[1]

18. On July 21, 2022, the Trustee's counsel forwarded the July 21 Order to PLG and after the July 28th deadline passed, contacted PLG again regarding the missed deadline. PLG claimed that it was no longer operating and did not have the documents ordered to be turned over by the Court.

19. As of the date of this Motion, the Trustee has not received the Debtor's case files from PLG.

## Request for Relief

21. By this Motion, the Trustee requests that the Court sanctions PLG by holding it in contempt and awarding the Trustee's attorneys' fees and costs incurred in connection with the motion to compel and this Motion.

22. "The power of contempt is inherent in all courts, as the ability to enforce orders ... is essential to the orderly administration of justice." In re GGSI Liquidation Inc., 351 B.R. 529, 585 (Bankr.N.D.Ill.2006), amended, 355 B.R. 691 (Bankr.N.D.Ill.2006). Bankruptcy courts can impose sanctions and make findings of civil contempt. *See, e.g., In re Hancock*, 192 F.3d 1083 (7th Cir.1999); *In re Maurice*, 69 F.3d 830 (7th Cir.1995).

---

[1] The Court also granted summary judgment in favor of the Trustee on Count I of the Complaint, resolving all claims asserted against PLG. For that reason, the Trustee brings this Motion in the main bankruptcy case to enforce the July 21 Order with respect to the Debtor's case files.

23. The Trustee requests that the Court enter an order sanctioning PLG and awarding the Trustee his attorneys' fees and costs incurred in connection with the motion to compel and this Motion.

24. The Trustee has sent numerous emails and has made numerous telephone calls to PLG to obtain copies of the Debtor's hard copy and electronic case files and communications with the Debtor, to which PLG either ignored or answered with unfulfilled promises. The Trustee should not bear the burden of litigation costs incurred solely due to PLG's bad acts. *Johnson v. Kakvand*, 192 F.3d 656, 661-62 (7th Cir. 1999) (affirming award of attorneys' fees where defendant's actions were "a willful, calculated effort to intentionally circumvent the discovery process.")

25. PLG's claim that it does not possess the Debtor's hard copy and electronic case files and communications from PLG's representation of the Debtor is difficult to believe, particularly since PLG previously represented the Debtor prior to the bankruptcy and once sought to be retained by the Debtor as a professional in this case.

26. Accordingly, the Trustee requests that the Court enter an order sanctioning PLG and requiring PLG to pay the Trustee's attorneys' fees and costs incurred in connection with the motion to compel and this Motion.

**WHEREFORE**, the Trustee respectfully requests that the Court enter an order sanctioning PLG and requiring PLG to pay the Trustee's attorneys' fees and costs incurred in connection with the motion to compel and this Motion; and granting such other and further relief as the Court deems just and proper.

6038533v1/34464-0001

Dated: August 4, 2022

**WILLIAM AVELLONE, SUBCHAPTBER V TRUSTEE OF FORD CITY CONDOMINIUM ASSOCIATION**

By: /s/ Elizabeth L. Janczak
      One of His Attorneys

Shelly A. DeRousse, Esq.
Elizabeth L. Janczak, Esq.
FREEBORN & PETERS LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone: 312.360.6000
Facsimile: 312.360.6520
sderousse@freeborn.com
ejanczak@freeborn.com

*Counsel for the Trustee*

6

6038533v1/34464-0001