**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| Ford City Condominium Association, ) | (Subchapter V) |
| ) | |
| Debtor-in-possession. ) | Case No. 21-05193 |
| ) | |
| ) | |
| ) | Honorable Judge Deborah Thorne |
| ) | |
| ) | Hearing Date: February 26, 2025, at 1:00 |
| ) | p.m. |

## NOTICE OF MOTION

TO: See attached list

PLEASE TAKE NOTICE that on February 26, 2025, at 1:00 p.m., the undersigned shall appear before the Honorable Deborah L. Thorne, or whomever may be sitting in her place and stead and will then present the TRUSTEE'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 362, AND 366 (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO COMMONWEALTH EDISON, (II) ENFORCING THE AUTOMATIC STAY, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY COMMONWEALTH EDISON FOR PAYMENT; AND (IV) APPROVING SHORTENED AND LIMITED NOTICE.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **160 731 2971**. The passcode is **587656**. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:  February 21, 2025        **WILLIAM AVELLONE THE**
                                 **SUBCHAPTER V TRUSTEE**


                         By:  /s/ Shelly A. DeRousse
                              His Counsel

                              Shelly A. DeRousse
                              Elizabeth L. Janczak
                              Adam C. Toosley
                              Smith, Gambrell & Russell, LLP
                              311 South Wacker Drive, Suite 3000
                              Chicago, Illinois 60606
                              Telephone:  312-360-6000
                              Facsimile:  312-360-6520
                              sderousse@sgrlaw.com
                              ejanczak@sgrlaw.com
                              atoosley@sgrlaw.com

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Ford City Condominium Association, | ) (Subchapter V) |
| | ) |
| Debtor-in-possession. | ) Case No. 21-05193 |
| | ) |
| | ) Honorable Judge Deborah Thorne |
| | ) |
| | ) Hearing Date: February 26, 2025, at 1:00 p.m. |

## CERTIFICATE OF SERVICE

I, Shelly A. DeRousse, an attorney, hereby certify that on February 21, 2025, I caused a true and correct copy of the attached *Notice of Motion* and *TRUSTEE'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 362, AND 366 (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO COMMONWEALTH EDISON, (II) ENFORCING THE AUTOMATIC STAY, (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY COMMONWEALTH EDISON FOR PAYMENT, AND (IV) FOR APPROVING SHORTENED AND LIMITED NOTICE* to be filed with the Court and served upon the parties listed on the following CM/ECF service list. I further certify that I caused the attached *Notice of Motion* to be served upon the parties listed on the following Service list.

/s/ *Shelly A. DeRousse*

**CM/ECF Service List**

John Andreasen     JAndreasen@tdrlaw.com
William B Avellone     bill.avellone@charteredmgt.com, I008@ecfcbis.com
Bryan R Bagdady     bryan@celsinfo.com
Peter C Bastianen     bkpleadingsNORTHERN@il.cslegal.com
Matthew R Bowman     RBowman@beneschlaw.com, Docket2@beneschlaw.com, LWatson@beneschlaw.com
Adam Brief     Ustpregion11.es.ecf@usdoj.gov
Robert W Brunner     robert.brunner@bclplaw.com, chdocketing@bryancave.com,robert-brunner-5568@ecf.pacerpro.com
Natalie Burris     nburris@hinshawlaw.com, AttorneyTeam02Support@hinshawlaw.com, courtfiling@hinshawlaw.com
Scott R Clar     sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com
Jacob Comrov     jcomrov@cranesimon.com, jdcomrov@gmail.com
John J Conway     johnconway@shlawfirm.com
Monette W Cope     ecfnil@weltman.com

Thomas M Crawford       crawford@litchfieldcavo.com, mcinerney@litchfieldcavo.com
Jaime Dowell       jaime.dowell@cityofchicago.org
Mark Louis Evans       mevans@levinginsburg.com, crduffek@beermannlaw.com
Jeffrey L. Gansberg       jeffrey.l.gansberg@usdoj.gov
Caleb J. Halberg       chalberg@dykema.com, tobrien@dykema.com
Adam B Hall       amps@manleydeas.com
David Paul Holtkamp       david.holtkamp2@cityofchicago.org
Greg Janes       greg.janes@cityofchicago.org
Charles A King       chuck.king@cityofchicago.org
Ebony Lucas       elucas@plgesq.com
Michael T. Nigro       mike@nigrowestfall.com
Dana N O'Brien       dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com
Phyllis Y Price       pprice@pricelawofc.com
Todd J Ruchman       amps@manleydeas.com
Samantha C San Jose       ssanjose@raslg.com
Peter A Siddiqui       peter.siddiqui@katten.com, ecfdocket@kattenlaw.com
John R. Slagle       john.slagle@cityofchicago.org
Gregory K Stern       greg@gregstern.com, monica@gregstern.com
Jeffrey Strange       jstrangelaw@aol.com, jeffreystrangeattorney@gmail.com; rradjenovich@gmail.com
Shanita Q Straw       sstraw@goldenlawpc.com, G5700@notify.cincompass.com
Martin D. Tasch       mtasch@momkus.com, cbednarski@momkus.com
Ethan Trotz       ethan.trotz@katten.com

**Electronic Mail and Federal Express:**

Commonwealth Edison Company
Attn: Bankruptcy Department
1919 Swift Drive
Oak Brook, IL 60523
ComEdBankruptcyGroup@exeloncorp.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FORD CITY CONDOMINIUM ASSOCIATION, ) | (Subchapter V) |
| ) | |
| Debtor. ) | Case No. 21-05193 |
| ) | |
| ) | Hon. Deborah L. Thorne |
| ) | |

**TRUSTEE'S MOTION FOR ORDER UNDER 11 U.S.C. §§ 105, 362, AND 366 (I) APPROVING DEBTOR'S ADEQUATE ASSURANCE OF PAYMENT TO COMMONWEALTH EDISON, (II) ENFORCING THE AUTOMATIC STAY, (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY COMMONWEALTH EDISON FOR PAYMENT, AND (IV) FOR APPROVING SHORTENED AND LIMITED NOTICE**

William B. Avellone, as Subchapter V Trustee in Possession (the "*Trustee*") for Ford City Condominium Association, debtor in possession in the above captioned case (the "*Debtor*"), by and through his counsel, moves (the "*Motion*") this Court for entry of an order under 11 U.S.C. §§ 105, 362, and 366 (i) approving Debtor's existing deposit with Commonwealth Edison ("*ComEd*") as adequate assurance of payment, (ii) enforcing the automatic stay, (iii) establishing procedures for resolving requests by utility providers for payment, and (iv) approving shortened and limited notice, and state:

**BACKGROUND**

1. On April 20, 2021, the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

2. On September 2, 2021, the Debtor was removed as a debtor-in-possession on motion filed by the United States Trustee.

3. On September 10, 2021, the Bankruptcy Court granted the application to employ

1

the undersigned counsel for the Trustee.

4. The Debtor continues to operate its business and manage the Debtor as Debtor in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

5. The Debtor is an Illinois not-for-profit corporation located at 4300 W. Ford City Drive, Chicago, Illinois 60652. The Debtor exists and operates as a condominium association under the Illinois Condominium Property Act, 765 ILCS 605/1, *et seq.* for the Ford City Condominiums adjacent to the Ford City Mall in Chicago. The Debtor manages the common elements in and around seven residential buildings with a total of 319 dwelling units and the associated real property on which the buildings sit, including over 13 acres (573,027 sq. feet) commonly referred to as 4260-4350 W. Ford City Drive, Chicago, Illinois (the "*Property*").

6. On October 24, 2024, the Court approved the Debtor's Amended Plan of Reorganization (the "*Plan*").

7. In this case, ComEd—which is the utility providing electric service to the Debtor and its residents—issued a credit to the Debtor.

8. However, without advanced notice or warning, that credit was reversed and then, by letter received on February 19, 2025, threatened to disconnect the electrical power to all seven buildings if the amounts associated with the credit were not immediately paid by the Debtor. A copy of the notice is attached hereto as Exhibit "1." While the letter appears to be dated February 5, 2024, the Trustee believes that the Debtor's property manager received the letter on February 19, 2025, only one day prior to the potential shut off date of February 20, 2025.

9. The Debtor previously provided, and ComEd is currently holding, a deposit of $7,485.00 from the Debtor.

10. Electrical power is critical to the Debtor, as without it, the elevators, lighting, and

security systems, among other things, in the seven buildings will not function. This is a life safety issue.

## JURISDICTION AND VENUE

11. This Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. Venue for this Chapter 11 Case and this Motion is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This Motion constitutes a core proceeding pursuant to 28 U.S.C. § 157(b).

## RELIEF REQUESTED

12. In connection with the normal operation of its business, the Debtor obtains certain utilities, including electricity ("*Utility Services*") from numerous utility companies, including ComEd.

13. By this Motion, the Debtor seeks entry of a final order approving the procedures (defined below) set forth below as the method for resolving disputes regarding adequate assurance of payment to ComEd if payment is delinquent and enforcing the automatic stay to prevent an electrical power outage.

## BASIS FOR RELIEF

14. On average, the Debtor spends between $4,000 to $8,000 per month in charges owed to ComEd. The Debtor has electric heaters, so the winter months are more expensive.

15. The services provided by ComEd are crucial to the continued operations of the Debtor. During the post-petition period, the Debtor has been generally paying ComEd's bills as they came due and has paid old invoices in accordance with a mutually agreed upon payment plan. On or about September 19, 2024, ComEd (perhaps mistakenly) applied a large credit to the Debtor's account, which resulted in an indication that nothing was owed on the account, which created a situation where the Debtor's property manager was unable to make a payment on the

3

account. When the property manager requested proper invoices, ComEd was unable to provide them. Then, on or about January 31, 2025, ComEd reversed the credit it previously placed on the account, causing about $25,000 in invoices to because immediately due.

16. In a letter dated February 5, 2025 (received February 19th), ComEd threatened to discontinue service to the Debtor on account of the reversal of the credit, even though the Debtor had been paying the post-petition bills. If ComEd stops services, even for a brief period, the Debtor—and all of the unit owners—face serious issues, including losing heat in sub-zero temperatures, losing use the elevators in the buildings, discontinuation of fire monitoring, disablement of booster pumps to push water above the 1st floor to the residential units, lack of lighting in the common areas and parking lots at night, and disabling of the electronic door locks and security cameras, among other things. The temperature in Chicago with wind chill was sub-zero on the date that the property manager received the letter threatening to immediately discontinue service.

17. By this Motion, the Trustee seeks to preserve the protections that ComEd has under the Bankruptcy Code by determining that the deposit the Debtor has previously provided, couple with a payment plan, will provide ComEd with adequate assurance under Section 366 of the Bankruptcy Code and to enforce the automatic stay under Section 362 of the Bankruptcy to prevent ComEd from imminent termination of the electricity services as a result of a problem that originated through a billing error on ComEd's part.

A.  **The Proposed Adequate Assurance**

18. The Debtor has and intends to continue to pay all post-petition obligations owed to ComEd in a timely manner using operating revenue. It is believed that there will be enough revenue generated through ordinary business operations to satisfy the future liabilities incurred by

the Debtor to ComEd.

19. The Trustee seeks this Court's approval that the Debtor's record of payments, particularly its record of timely post-petition payments (as billed or through an agreed payment plan), and its availability of cash on hand is enough adequate assurance of payment for ComEd.

20. Should ComEd disagree that payment history and existing operating capital are not adequate assurances of payment, the Debtor proposes that the Court enter an order requiring ComEd to petition this Court seeking an adequate assurance deposit within 20 days of entry of the Final Order (the "*Adequate Assurance Deadline*"). In the instance that ComEd objects, the Debtor proposes to have the deposit that ComEd is already holding be deemed adequate assurance.

21. However, if ComEd does not serve a timely petition upon this Court for an adequate assurance deposit by the Adequate Assurance Deadline, ComEd shall be deemed to have received adequate assurance of payment that is satisfactory pursuant to section 366(c)(2) of the Bankruptcy Code.

22. The Debtor submits that the procedures set forth in this Motion are reasonable and do not interfere with the rights given to utility providers under section 366 of the Bankruptcy Code, as revised by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005.

## APPLICABLE AUTHORITY

23. Section 366 of the Bankruptcy Code provides as follows:

> (a) Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the Debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

> (b) Such utility may alter, refuse or discontinue service if neither the trustee nor the debtor, within 20 days after the date of the order for relief, furnishes adequate assurance of payment, in the

5

> form of a deposit or other security, for service after such date. On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of a deposit or other security necessary to provide adequate assurance of payment.

*See* 11 U.S.C. § 366. Following the 30-day period after the Petition Date, section 366 of the Bankruptcy Code contemplates that ComEd may discontinue service to the Debtor if the Debtor does not provide adequate assurance of payment of its post-Petition obligations. In at least one instance, ComEd has sought to discontinue service after it unilaterally reversed a previously provided credit. An interruption of power by ComEd in this case could stall the Debtor's business operations, create a significant safety hazard for the unit owners and negatively impact Debtor's ability to reorganize.

24. Pursuant to section 366(c)(1)(A), the term "assurance of payment" means "(i) a cash deposit; (ii) a letter of credit; (iii) a certificate of deposit; (iv) a surety bond; (v) a prepayment of utility consumption; and (vi) another form of security that is mutually agreed on between the utility and the debtor or the trustee." 11 U.S.C. § 366(c)(1)(A).

25. Utility providers do not have unfettered rights to demand assurance of payment beyond what the Court ultimately determines is reasonable. To the contrary, 11 U.S.C. § 366(c)(3) specifically preserves the Court's ability to review (and modify if appropriate) assurance of payment demands made by a utility provider.

26. Section 105(a) of the Bankruptcy Code permits the Court to "issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Sections 366(b) and (c)(3) of the Bankruptcy Code expressly empower the Court to review, and if necessary alter, demands for adequate assurance by ComEd. Bankruptcy courts, thus have the exclusive responsibility for determining what constitutes adequate assurance for payment of utility charges after the date of the filing of the petition, and are not bound by local or

state regulations. *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002).

27. "Adequate Assurance" is not synonymous with "adequate protection." In determining adequate assurance, the Court is not required to give ComEd the equivalent of a guaranty of payment after the entry of the order for relief, but must only determine that the utility is not subject to an unreasonable risk of nonpayment for services rendered after the filing of the petition. *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80; *In re Caldor, Inc.*, 199 B.R. 1, 3 (S.D.N.Y. 1996); *In re Santa Clara Circuits West, Inc.*, 27 B.R. 680, 685 (Bankr. D. Utah 1982); *In re George C. Frye Co.*, 7 B.R. 856, 858 (Bankr. D. Me. 1980). Whether a utility is subject to an unreasonable risk of nonpayment must be determined from the facts and circumstances of each case. *In re Adelphia Bus. Solutions, Inc.*, 280 B.R. at 80.

28. The Debtor's proposed adequate assurance for post-petition Utility Services to ComEd is in keeping with the intent of section 366 of the Bankruptcy Code, is not prejudicial to the rights of ComEd, and is in the best interest of the Debtor's estate. Although the Trustee believes that the proposed adequate assurance constitutes adequate assurance of future payment under section 366 of the Bankruptcy Code, ComEd is free to petition this Court of the reasonableness of the procedure set forth herein.

B.  **Enforcement of Automatic Stay**

29. Section 362 of the Bankruptcy Code imposes an automatic stay of "any act … to exercise control over property of the estate." 11 U.S.C. §362(a)(3). By reversing a previously applied credit and then demanding immediate payment of the resulting balance due for the Debtor's electricity service or else the electrical power will be discontinued, ComEd is taking an action to control property of the estate. Shutting off the power under these circumstances will have the effect of discontinuing the elevators, fire safety, water pump system, heating, lighting, and

7

Document      Page 12 of 13

security systems, which has a high probability of severely harming the assets of the estates. This is a form of using its control over the assets of the estate to extract a payment from the Debtor. The Trustee seeks enforcement of the automatic stay to allow the proposed procedures to occur and to prohibit any harm to the estate, while the Debtor's rights under Section 362.

C.  **Request for Limited and Shortened Notice**

30.  To successfully implement the foregoing, to the extent that any aspect of the relief sought herein constitutes a use of property under Bankruptcy Code section 363(b), the Trustee seeks a waiver to the notice requirements under Bankruptcy Rule 6004(a) and the ten-day stay under Bankruptcy Rule 6004(h). The Trustee also seeks approval of shortened and limited notice of this Motion (1) to the parties who have requested electronic service in this case and to ComEd at Commonwealth Edison Company, Attn: Bankruptcy Department, 1919 Swift Drive, Oak Brook Illinois, 60523 which will be delivered on or before Monday, February 24, 2025 and (2) to set this matter for hearing on Wednesday, February 26, 2025 at 1:15pm. The Debtor will also email a copy of this Motion to the email address it has on file for ComEd's bankruptcy department, 'ComEdBankruptcyGroup@exeloncorp.com'.

31.  No prior request for the relief has been made to this Court in this bankruptcy case.

WHEREFORE, William B. Avellone, as Subchapter V Trustee, requests that this Court enter a Final Order stating that (i) adequate assurance of post-petition payment to ComEd pursuant to 11 U.S.C. §366 has been approved and provided to ComEd through the use of the deposit that is already in the possession of ComEd, payments over time from operating capital, and due to the payment history of the Debtor; (ii) within 20 days of the entry of the order, ComEd may file a petition requesting further adequate assurance of payment from the Debtor which will be further adjudicated by this Court and, if no such petition is filed, then no further adequate of assurance of

SGR/72548306.1

payment shall be necessary; (iii) ComEd is prohibited by 11 U.S.C. §§362 and 366 from discontinuing the electricity service to the Debtor without further order of this Court; (iv) approving limited and shortened notice of this motion; and (v) granting the Trustee such other and further relief as is just and proper.

                                             Respectfully Submitted,

Dated: February 21, 2025            **William B. Avellone, as Subchapter V Trustee**

                                      By:  /s/ Adam C. Toosley
                                            One of His Attorneys

                                            Shelly A. DeRousse, Esq.
                                            Adam C. Toosley, Esq.
                                            SMITH GAMBRELL & RUSSELL LLP
                                            311 South Wacker Drive, Suite 3000
                                            Chicago, Illinois 60606-6677
                                            Telephone: 312.360.6000
                                            Facsimile: 312.360.6520
                                            sderousse@sgrlaw.com
                                            atoosley@sgrlaw.com

SGR/72548306.1