# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| FORD CITY CONDOMINIUM ASSOCIATION, ) | (Subchapter V) |
| ) | |
| Debtor. ) | Case No. 21-05193 |
| ) | |
| ) | Hon. Deborah L. Thorne |
| ) | |

## OBJECTION TO CLAIM 4-1 OF FORD CITY REALTY LLC, FORD CITY CH LLC AND FORD CITY NASSIM LLC AND TO THE MOTION FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE CLAIM [DOC 286]

William B. Avellone, as Subchapter V Trustee in possession of Ford City Condominium Association (the "*Trustee*"), by and through his undersigned counsel, hereby objects (the "*Objection*") to Proof of Claim No. 4-1 (the "*Water Claim*") filed by Ford City Realty LLC, Ford City CH LLC and Ford City Nassim LLC (the "*Claimants*") and the Claimants' Motion for Allowance and Payment of Administrative Claim (the "*Allowance Motion*") [DOC 286], pursuant to sections 105(a), 502(b), and 503 of title 11 of the United States Code (the "*Bankruptcy Code*") and Rule 3007 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"). In support of the Objection, the Debtor respectfully states as follows:

### JURISDICTION

1. The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

2. The statutory predicates for the relief requested herein are sections 105(a), 502(b), and 503 of the Bankruptcy Code and Rule 3007 of the Bankruptcy Rules.

## BACKGROUND

3. On April 20, 2021 (the "*Petition Date*"), Ford City Condominium Association (the "*Debtor*") filed a voluntary petition for relief under Subchapter V of Chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*") in the United States Bankruptcy Court for the Northern District of Illinois (the "*Court*").

4. On September 2, 2021, the Debtor was removed as a debtor-in-possession on motion filed by the United States Trustee and the Trustee was placed in possession of the Debtor's estate.

5. On September 10, 2021, the Bankruptcy Court granted the application to employ the undersigned counsel for the Trustee.

6. The Trustee continues to operate the Debtor's business and manage the Debtor pursuant to section 1106 of the Bankruptcy Code.

7. The Debtor is an Illinois not-for-profit corporation located at 4300 W. Ford City Drive, Chicago, Illinois 60652. The Debtor exists and operates as a condominium association under the Illinois Condominium Property Act, 765 ILCS 605/1, et seq. for the Ford City Condominiums adjacent to the Ford City Mall in Chicago. The Debtor manages the common elements in and around seven residential buildings with a total of 319 dwelling units and the associated real property on which the buildings sit, including over 13 acres (573,027 sq. feet) commonly referred to as 4260-4350 W. Ford City Drive, Chicago, Illinois (the "*Property*").

8. The City of Chicago brought a proceeding against the owners of units located at the Property (the "*Units*") for the appointment of a receiver and sale of the Property and Units, as case

number 23-M1-401241, pending in the Circuit Court of Cook County, Illinois (the "*Receiver Case*"). John Suzuki (the "*Receiver*") was appointed by the Circuit Court to serve as receiver and has been marketing the Property for sale.

9. On October 24, 2024, the Court approved the Debtor's Amended Plan of Reorganization (the "*Plan*"). The Plan provides, among other things, that upon the sale of the Property by the Receiver, the Debtor will receive a payment for its statutory liens against the Units for unpaid assessments, which will be used to pay the administrative claims of the bankruptcy estate.

10. Payments made pursuant to the Plan will be from funds received by the Debtor from the Receiver's sale of the Property and the Units.

11. Upon information and belief, the Claimants are the owners of Ford City Mall and the real estate adjacent to the Property's North side. The Claimants assert that pursuant to an agreement executed in 1978 by the prior owners of Ford City Mall (the "*1978 Agreement*"), the Debtor purchases water from the Claimants. The Claimants first purchase that water from the City of Chicago, and then the Debtor reimburses the Claimants for the portion of the water used by the Debtor.

12. On August 20, 2019, the Claimants filed a second amended complaint in the lawsuit captioned *Ford City Realty LLC, et al. v. Ford City Condominium Association*, Case no. 2018-L-008190, in the Circuit Court of Cook County, Illinois (the "*Collection Action*"), which seeks to collect from the Debtor $395,516.58 for water charges incurred through January 28, 2019.

13. A few weeks after the Petition Date, on May 20, 2021, the Claimants filed a Motion for Adequate Assurance or, in the Alternative, Authorization to Terminate Utility Service (the "*Adequate Assurance Motion*"), in which they assert that the Debtor owes them $1,507,308.26 for

water charges as of the Petition Date. [DOC. 17] That amount is inconsistent with and $107,672,78 higher than what was asserted in the Water Claim.

14. The Trustee received no documents from the Debtor to support or evidence the Water Claim.

15. On July 29, 2021, the Claimants filed proof of claim number 4-1, in the amount of $1,399,635.48 for "Amounts owed for water supplied to Debtor." See POC 4-1. The Claimants attached the complaint from the Collection Action to the Water Claim, but not the exhibits to the complaint. The Claimants have attached nothing to the Water Claim to evidence that they purchased and succeed to the 1978 Agreement or that the Claimants' predecessor's rights under the 1978 Agreement were even assignable to the Claimants.[1] Attached to the Water Claim is a Rider, which states "Documents relating to this Proof of Claim but not attached herein may be obtained by contacting Claimants' counsel …" See Rider to POC 4-1.

16. The Trustee has, through counsel, requested on several occasions from the Claimants' counsel copies of the invoices that the Claimants have received from the City of Chicago for water usage and related charges. However, the Claimants have never provided these critical documents necessary to back up their claims.

17. On February 27, 2024, the Claimants filed the Allowance Motion, in which they assert that the Debtor owes them $686,297.29 for water charges incurred since the Petition Date.

18. The Debtor has made various payments to the Claimants since the filing of the Allowance Motion and continues to make payments to the Claimants. Also, the Trustee has

---

[1] The Allowance Motion simply states in a footnote that "Movants purchased the real property on which the Ford City Condominium and Ford City Mall sit in April 2019. As part of that transaction, Movants assumed any balances the Debtor owed at the time of the acquisition on account of water services provided by Movants' predecessor-in-interest." See Allowance Motion, Footnote 2. Note, that the Claimants did not purchase the "real property on which the Ford City Condominium … sit[s]".

information that the City of Chicago placed a stay on its collection of water bills from the Claimants for the water used by the Debtor. Therefore, while that stay has been in effect, the Claimants have not continued to accrue water charges. Neither the Trustee nor the Debtor are parties to the agreement with the City of Chicago and have not received an accounting of amount and cost of the water provided by the City of Chicago to the Claimants for the Debtor's use.

## OBJECTION

19.     The Trustee objects to the allowance of: (a) the Water Claim, proof of claim 4-1 and (b) the post-petition administrative claim of the Claimants.

20.     The allowance of claims is governed by section 502 of the Bankruptcy Code, which provides that claims filed in a bankruptcy case are presumed valid. 11 U.S.C. § 502(a).

> "A properly filed proof of claim is *prima facie* evidence of its validity and amount. Fed. R. Bankr. P. 3001(f). *In re Vanhook*, 426 B.R. 296, 298-99 (Bankr. N.D. Ill. 2010). The objector to a claim bears the initial burden of rebutting the presumption of validity. *Id.* "Once the objector has produced some basis for calling into question [the] allowability of a claim, the burden then shifts back to the claimant to produce evidence to meet the objection and establish that the claim in fact is allowable." *Id. (quoting In re O'Malley*, 252 B.R. 451, 456 (Bankr. N.D. Ill. 1999). "However, the ultimate burden of persuasion always remains with the claimant to prove entitlement to the claim." *Vanhook, supra (quoting In re Watson*, 402 B.R. 294, 297 (Bankr. N.D. Ind. 2009))."

*In re DeKroon,* 593 B.R. 778, 781–82 (Bankr. N.D. Ill. 2018).

21.     Nothing in the Water Claim or the Motion for Allowance provides documentary or other evidentiary support for the amounts of the claims asserted by the Claimants. Unlike a debtor in possession, the Trustee has no records to consult to determine if the Water Claim or the asserted administrative priority claim are reasonable or valid.

22.     Since the Trustee received no back up documentation from the Debtor related to the water claim, it is imperative that the Claimants prove with evidence the basis for their claim,

including standing to assert it, and the amount of the claim. Specifically, the Claimants must show the amounts of water that they received from the City of Chicago, how much they paid the City of Chicago for that water, the amount of that water which was used by the Debtor, and the documents that show that the Claimants were assigned their predecessor's rights with respect to water that was paid for by their predecessor and not the Claimants.

23. The documentation of how much and the cost of water the City of Chicago provided to the Claimants is the least that needs to be provided before the claims can be allowed. Additional evidence may be necessary to show that the method of tracking the Debtor's use of the water is not flawed. For example, the City of Chicago Fire Department has indicated to counsel for the Trustee that there may be leakage in underground pipes which transport the water to the Debtor. If that is the case, the meters being used by the Claimants may not provide an accurate measurement of how much water the Debtor has actually used.

24. To further complicate the situation, the Trustee has been informed that the basement floor of the Ford City Mall is or has been flooded, which could indicate a material water leak on that property. The Debtor should not be charged for water loss due to such a leak.

25. The Trustee is optimistic that if he is provided with the proper documentation to support the Claimants' claims, the parties may be able to resolve this matter. Otherwise, the Trustee will need to conduct discovery and proceed to an evidentiary hearing.

**WHEREFORE**, the Trustee objects to the Water Claim 4-1 and the allowance of an administrative claim in favor of the Claimants; and requests that this Court enter an order disallowing those claims and granting any other relief that the Court deems just and equitable.

Respectfully Submitted,

Dated:  July 23, 2025

**William B. Avellone, as Subchapter V Trustee**

By:   /s/ Shelly A. DeRousse
     One of His Attorneys

Shelly A. DeRousse, Esq.
SMITH GAMBRELL & RUSSELL LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606-6677
Telephone:  312.360.6000
Facsimile:  312.360.6520
sderousse@sgrlaw.com