**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| Ford City Condominium Association, | ) (Subchapter V) |
| | ) |
| Debtor-in-possession. | ) Case No. 21-05193 |
| | ) |
| | ) |
| | ) Hon. Deborah L. Thorne |
| | ) |
| | ) Hearing Date: April 22, 2026, at 10:30 a.m. |
| | ) |

**<u>NOTICE OF MOTION</u>**

TO: See attached list

PLEASE TAKE NOTICE that on April 22, 2026, at 10:30 a.m.., the undersigned shall appear before the Honorable Deborah L. Thorne, or whomever may be sitting in her place and stead, and will then present the *Second Interim Fee Application of Smith, Gambrell & Russell, LLP, Counsel to the Subchapter V Trustee* (the "*Application*"). The Application seeks entry of an order (i) approving compensation for legal fees on an interim basis in the amount of $131,252.00 for services rendered and $115.83 for reimbursement of expenses incurred for the period of December 1, 2024 through February 28, 2026; and (ii) authorizing payment to Smith, Gambrell & Russell, LLP the total amount of $131,367.83. A copy of the Application can be obtained by request from counsel for the Trustee by e-mail Shelly DeRousse at sderousse@sgrlaw.com or calling 312.360.6000.

**Important: Only parties and their counsel may appear for presentment of the motion electronically using Zoom for Government. All others must appear in person.**

**To appear by Zoom using the internet**, use this link: https://www.zoomgov.com/. Then enter the meeting ID and password.

**To appear by Zoom using a telephone**, call Zoom for Government at 1-669-254-5252 or 1-646-828-7666. Then enter the meeting ID and password.

**Meeting ID and password.** The meeting ID for this hearing is **160 9362 1728**. No passcode is required. The meeting ID and passcode can also be found on the judge's page on the court's web site.

**If you object to this motion** and want it called on the presentment date above, you must file a Notice of Objection no later than two (2) business days before that date. If a Notice of

Objection is timely filed, the motion will be called on the presentment date. If no Notice of Objection is timely filed, the court may grant the motion in advance without calling it.

Dated:  March 26, 2026

**WILLIAM AVELLONE, AS SUBCHAPTER V TRUSTEE**

By:  */s/ Shelly A. DeRousse*
His Counsel

Shelly A. DeRousse
Elizabeth L. Janczak
Smith, Gambrell & Russell, LLP
155 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312-360-6000
Facsimile:  312-360-6520
sderousse@sgrlaw.com
ejanczak@sgrlaw.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Ford City Condominium Association, | ) | (Subchapter V) |
| | ) | |
| Debtor-in-possession. | ) | Case No. 21-05193 |
| | ) | |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: April 22, 2026, at 10:30 a.m. |
| | ) | |

**<u>CERTIFICATE OF SERVICE</u>**

I, Shelly A. DeRousse, an attorney, hereby certify that on March 26, 2026, I caused a true and correct copy of the attached *Notice of Motion* and *Second Interim Fee Application of Smith, Gambrell & Russell, LLP, Counsel to the Subchapter V Trustee* to be filed with the Court and served upon the parties listed on the following CM/ECF service list. I further certify that I caused the attached *Notice of Motion* to be served upon the parties listed on the following U.S. Mail Service list.

*/s/ Shelly A. DeRousse*

**<u>CM/ECF Service List</u>**

John Andreasen      JAndreasen@tdrlaw.com
William B Avellone     bill.avellone@charteredmgt.com, I008@ecfcbis.com
Bryan R Bagdady      bryan@celsinfo.com
Peter C Bastianen      bkpleadingsNORTHERN@il.cslegal.com
Jason J Ben     jben@freeborn.com, bkdocketing@freeborn.com
Matthew R Bowman      RBowman@beneschlaw.com, Docket2@beneschlaw.com, LWatson@beneschlaw.com
Adam Brief     Ustpregion11.es.ecf@usdoj.gov
David Browne     dbrowne@raslg.com
Robert W Brunner     robert.brunner@bclplaw.com, chdocketing@bryancave.com,robert-brunner-5568@ecf.pacerpro.com
Natalie Burris     nburris@hinshawlaw.com, AttorneyTeam02Support@hinshawlaw.com, courtfiling@hinshawlaw.com
Scott R Clar     sclar@cranesimon.com, mjoberhausen@cranesimon.com; asimon@cranesimon.com
Jacob Comrov     jcomrov@cranesimon.com, jdcomrov@gmail.com
John J Conway     johnconway@shlawfirm.com
Monette W Cope     ecfnil@weltman.com

Thomas M Crawford    crawford@litchfieldcavo.com, mcinerney@litchfieldcavo.com
Jaime Dowell    jaime.dowell@cityofchicago.org
Mark Louis Evans    mevans@levinginsburg.com, crduffek@beermannlaw.com
Jeffrey L. Gansberg    jeffrey.l.gansberg@usdoj.gov
Caleb J. Halberg    chalberg@dykema.com, tobrien@dykema.com
Adam B Hall    amps@manleydeas.com
David Paul Holtkamp    david.holtkamp2@cityofchicago.org
Greg Janes    greg.janes@cityofchicago.org
Charles A King    chuck.king@cityofchicago.org
Ebony Lucas    elucas@plgesq.com
Michael T. Nigro    mike@nigrowestfall.com
Dana N O'Brien    dana.obrien@mccalla.com, mccallaecf@ecf.courtdrive.com
Phyllis Y Price    pprice@pricelawofc.com
Todd J Ruchman    amps@manleydeas.com
Samantha C San Jose    ssanjose@raslg.com
Peter A Siddiqui    peter.siddiqui@katten.com, ecfdocket@kattenlaw.com
John R. Slagle    john.slagle@cityofchicago.org
Gregory K Stern    greg@gregstern.com, monica@gregstern.com
Jeffrey Strange    jstrangelaw@aol.com, jeffreystrangeattorney@gmail.com;
rradjenovich@gmail.com
Shanita Q Straw    sstraw@goldenlawpc.com, G5700@notify.cincompass.com
Martin D. Tasch    mtasch@momkus.com, cbednarski@momkus.com
Ethan Trotz    ethan.trotz@katten.com

**U.S. Mail Service List (Notice only)**

See attached mailing matrix.

Label Matrix for local noticing
0752-1
Case 21-05193
Northern District of Illinois
Eastern Division
Tue Mar 24 13:26:56 CDT 2026

Deutsche Bank National Trust Company, as Tru
c/o Codilis & Associates, P.C.
15W030 North Frontage Road, Suite 100
Burr Ridge, IL 60527-6921

Ford City Condominium Association
4300 Ford City Drive Unit 105
Chicago, IL 60652-1283

Mid-American Elevator Company, Inc.
Michael T. Nigro
Nigro & Westfall, P.C.
One Tiffany Pointe
Suite 206
Bloomingdale, IL 60108-2916

Parkway Elevators, Inc.
Sullivan Hincks & Conway
120 West 22nd Street
Suite 100
Oak Brook, IL 60523-4067

The Property Law Group, LLC
641 E. Pershing Rd. Unit E
Chicago, IL 60653-1978

U.S. BANK NATIONAL ASSOCIATION
Robertson, Anschutz, Schneid, Crane & Pa
13010 Morris Road., Suite 450
Alpharetta, GA 30004-2001

U.S. Bankruptcy Court
Eastern Division
219 S Dearborn
7th Floor
Chicago, IL 60604-1702

ACR Net Elevator Services
Anthony White
402 W. Boughton Road Ste. G
Bolingbrook, IL 60440-1872

AT&T
PO Box 5080
Carol Stream, IL 60197-5080

Anderson Elevator/Southwest Industry
Bankruptcy Dept
2801 S. 19th Ave.
Broadview, IL 60155-4758

Angela Burnett
4300 W Ford City Dr., Unit 702
Chicago IL 60652-1278

Antoine L. Mackmore
Jennifer J. C. Kelley
Anesi, Ozmon, Rodin,
Novak & Kohen, Ltd.
161 N. Clark Street 21st Floor
Chicago, IL 60601-3204

Cervantes Chatt & Prince P.C.
16W343 83rd Street, Suite A
Burr Ridge IL 60527-7950

Chad & Prince
Bk Dept
16w343 83rd Street A
Burr Ridge, IL 60527-7950

City of Chicago Department of Buildings
Bankruptcy Department
2045 W. Washington Blvd.
Chicago, IL 60612-2428

(p)CHICAGO DEPARTMENT OF LAW
ATTN BANKRUPTCY UNIT
121 N LASALLE ST SUITE 400
CHICAGO IL 60602-1264

ComEd
Po Box 6111
Carol Stream, IL 60197-6111

Comcast
Attn:  Bk Dept
PO Box 70219
New York, NY 10176

Commonwealth Edison Company
Attn: Bankruptcy Department
1919 Swift Drive
Oak Brook, IL 60523-1502

(p)INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Ford City CH LLC
525 W Monroe St Chicago, IL 60661

Ford City CH LLC
Bankruptcy Dept.
747 MIDDLE NECK ROAD  200
Great Neck, NY 11024-1950

Ford City Mall
Bankruptcy Department
7601 S. Cicero Ave.
Chicago, IL 60652-1022

Ford City Nassim
Bankruptcy Dept.
747 MIDDLE NECK ROAD  101
Great Neck, NY 11024-1950

Ford City Nassim LLC
525 W Monroe St Chicago, IL 60661

Ford City Realty LLC
525 W Monroe St Chicago, IL 60661

Ford City Realty LLC
Bankruptcy Dept
10 GREAT NECK ROAD 304
Great Neck, NY 11021

Ford City Realty LLC, Ford City CH LLC
Peter A.  Siddiqui
525 West Monroe Street
Chicago, IL 60661-3629

George Spatharakis
7320 S. Cork Ave.
Justice, IL 60458-1008

Gregory Lapapa
4281 W 76th Street
Unit C2-203
Chicago IL 60652-1380

Gregory Lapapa
c/o Jeffrey Strange
717 Ridge Road
Wilmette, Illinois 60091-2486

Hurst LLC
Kenneth Hurst
8605 Melvina
Burbank, IL 60459-2439

Joanna Stallworth
LeEthel Franklin
Thelma Swims
c/o Phyllis Price
30 N Michigan Ave Ste 1310
Chicago, IL 60602-4806

Katten Muchin Rosenman, LLP
525 W. Monroe
Chicago, IL 60661-3693

Kenneth Hurst
8605 Melvina Ave
Burbank, IL 60459-2439

Levin & Ginsburg
BK Department
180 N. LaSalle Street 3200
Chicago, IL 60601-2800

Mary L. Vaughn
9134 S. Oglesby
Chicago, IL 60617-3854

Mid-American Elevagtor Company, Inc.
c/o Michael T. Nigro, Attorney
Nigro & Westfall, P.C.
One Tiffany Pointe, Suite 206
Bloomingdale, IL 60108-2916

Parkway Elevator
Bankruptcy Dept
2944 W. Lake Street
Chicago, IL 60612-1924

Parkway Elevators, Inc.
c/o John Conway
Sullivan Hincks & Conway
120 W. 22nd Street, Suite 100
Oak Brook, IL 60523-4067

(p)PEOPLES GAS LIGHT & COKE COMPANY
200 EAST RANDOLPH ST
CHICAGO IL 60601-6433

Peter Reyna
4300 W Ford city Dr. Unit A-604
Chicago IL 60652-1266

SFI Ford City - Chicago LLC
Bankruptcy Department
1114 Avenue of the Americas 39th Floor
New York, NY 10036-7720

SPECIALIZED LOAN SERVICING LLC, as Attorney-
c/o McCalla Raymer Leibert Pierce, LLC
1 N. Dearborn Suite 1200
Chicago, IL 60602-4337

(p)T MOBILE
C O AMERICAN INFOSOURCE LP
4515 N SANTA FE AVE
OKLAHOMA CITY OK 73118-7901

The Huntington National Bank
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Total Masonry, LLC
390 Monaco Drive
Roselle, IL 60172-1954

U.S. BANK NATIONAL ASSOCIATION
Robertson, Anschutz, Schneid, Crane
13010 Morris Road., Suite 450
Alpharetta, GA 30004-2001

Wells Fargo Bank, N.A.
c/o Manley Deas Kochalski LLC
P.O. Box 165028
Columbus, OH 43216-5028

Adam Brief
Office of the U. S. Trustee, Region 11
219 South Dearborn
Room 873
Chicago, IL 60604-2027

Jacob Comrov
Crane, Simon, Clar, & Goodman
135 S. LaSalle Street
Chicago, IL 60603-4177

Joanna Stallworth
4350 Ford City Drive Unit #308
Chicago, IL 60652-1292

Leethel Franklin
4280 W Ford City Dr #206
Chicago, IL 60652-1293

Phyllis Price
3258 Maple Ave
Berwyn, IL 60402-2816

Scott R Clar
Crane, Simon, Clar & Goodman
135 S Lasalle St Suite 3950
Chicago, IL 60603-4127

Shanita Q Straw
Shanita Straw
2121 Roosevelt Road
Broadview, IL 60155-3850

Shelly A. DeRousse
Smith Gambrell & Russell LLP
155 North Wacker Drive
Suite 3000
Chicago, IL 60606-1983

Thelma Swims
4350 W. Ford City Dr.
Unit 305
Chicago, IL 60652-1292

William B Avellone
Chartered Management Company , Inc.
100 South Saunders Rd.
Suite 150
Lake Forest, IL 60045-2526

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| City of Chicago Department of Law-Bankruptcy<br>121 N La Salle St.,<br>Suite 400<br>Chicago, IL 60602 | Department of the Treasury<br>Internal Revenue Service<br>230 So. Dearborn St STOP 5014-CHI<br>Chicago, IL 60604 | People's Gas<br>PO Box 6050<br>Carol Stream, IL 60197 |
| T-Mobile USA, Inc.<br>Lease Compliance/CH92312B<br>12920 SE 38th Street<br>Bellevue, WA 98006 | (d)T-mobile USA Inc.<br>Lease Compliance/CH92312B<br>12920 SE 38th Street<br>Bellevue, WA 98006 | |

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

| | | |
|---|---|---|
| (u)City of Chicago | (u)Farbman Group of Chicago, LLC, LLC | (u)Ford City CH LLC |
| (u)Ford City Nassim LLC | (u)Ford City Realty LLC | (u)Foresite Realty Management LLC |
| (u)Freeborn & Peters LLP | (u)Hirzel Law, PLC | (u)Integra Realty Resources |
| (u)Mary L. Vaughn | (u)SPECIALIZED LOAN SERVICING LLC, as Attorne<br>c/o McCalla Raymer Leibert Pierce, LLC<br>1 N. Dearborn Suite 1200<br>Chicago, 60 | (u)Saul Ewing LLP |
| (u)Select Portfolio Servicing, Inc. as servic | (u)Southwest Industries, Inc d/b/a Anderson E | (u)TOTAL MASONRY, LLC |
| (u)The Huntington National Bank | (u)US Bank Trust Company NA as Successor in I | (u)WELLS FARGO BANK, N.A. |

(d)Ford City Realty LLC
525 W Monroe St Chicago. IL 60661

(d)Gregory Lapapa
4281 W 76th Street Unit C2-203
Chicago IL 60652-1380

(u)Adam C Toosley

(u)Mitchell Abrons

End of Label Matrix
Mailable recipients    59
Bypassed recipients    22
Total                  81

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Ford City Condominium Association, | ) | (Subchapter V) |
| | ) | |
| Debtor-in-possession. | ) | Case No. 21-05193 |
| | ) | |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: April 22, 2026, at 10:30 a.m. |
| | ) | |

**COVER SHEET FOR SECOND INTERIM APPLICATION FOR ALLOWANCE AND**
**PAYMENT OF COMPENSATION AND REIMBURSEMENT OF EXPENSES OF**
**SMITH, GAMBRELL & RUSSELL, LLP, AS SUBCHAPTER V TRUSTEE'S COUNSEL**

| | |
|---|---|
| Name of Applicant: | Smith, Gambrell & Russell, LLP |
| Authorized to Provide Professional Services to: | William Avellone, as Subchapter V Trustee |
| Date of Order Authorizing Employment: | September 9, 2021 nunc pro tunc to September 2, 2021 (Freeborn & Peters) |
| Period of Which Compensation is Sought: | December 1, 2024 - February 28, 2026 |
| Amount of Fees Sought: | $131,252.00 |
| Amount of Expenses Sought: | $115.83 |
| This is a(n):   Interim Application:     X | Final Application: |

If this is not the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed (Fees & Expenses) | Fees & Expenses Previously Paid |
|---|---|---|---|---|
| 1/17/25 | 4/1/23-11/30/24 | $229,904.92 | $229,904.92 | $0.00 |

Dated:  March 26, 2026

**WILLIAM AVELLONE, AS SUBCHAPTER V TRUSTEE**

By: */s/ Shelly A. DeRousse*
    One of His Attorneys

Shelly A. DeRousse
Elizabeth L. Janczak
Smith, Gambrell & Russell, LLP
155 North Wacker Drive, Suite 3000
Chicago, Illinois 60606
Telephone:  312-360-6000
Facsimile:  312-360-6520
sderousse@sgrlaw.com
ejanczak@sgrlaw.com

2

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| Ford City Condominium Association, | ) | (Subchapter V) |
| | ) | |
| Debtor-in-possession. | ) | Case No. 21-05193 |
| | ) | |
| | ) | |
| | ) | Hon. Deborah L. Thorne |
| | ) | |
| | ) | Hearing Date: April 22, 2026, at 10:30 a.m. |
| | ) | |

**SECOND INTERIM FEE APPLICATION OF SMITH, GAMBRELL &**
**RUSSELL, LLP, COUNSEL TO THE SUBCHAPTER V TRUSTEE**

Smith, Gambrell & Russell, LLP ("*SGR*"), counsel to William Avellone (the "*Trustee*"), the subchapter V Trustee in the above-captioned case, hereby submits this application for compensation (the "*Application*") which seeks: (i) interim allowance and approval of compensation in the amount of $131,252.00 for services rendered and $115.83 for reimbursement of expenses incurred for the period of December 1, 2024 through February 28, 2026; and (ii) payment of $131,367.83 to SGR, representing the compensation and expenses requested herein. In support hereof, SGR states as follows:

**JURISDICTION AND VENUE**

The Court has jurisdiction over this matter pursuant to sections 1334 and 157(a) of title 28 of the United States Code and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This is a core proceeding pursuant to section 157(b)(2) of title 28 of the United States Code. Venue is proper in this district pursuant to sections 1408 and 1409 of title 28 of the United States Code.

The statutory predicates for the relief requested herein are sections 330, 331, 503(b), and 507(a)(1) of title 11 of the United States Code (the "*Bankruptcy Code*"), Rule 2016 of the Federal Rules of Bankruptcy Procedure (the "*Bankruptcy Rules*"), and Rule 5082-1 of the Local Rules of the United States Bankruptcy Court for the Northern District of Illinois (the "*Local Rules*").

**<u>BACKGROUND</u>**

1.      On April 20, 2021 (the "*Petition Date*"), Ford City Condominium Association (the "*Debtor*") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "*Bankruptcy Code*").

2.      The Debtor filed its case as a subchapter V bankruptcy case, and as a result, William Avellone was appointed as the subchapter V trustee.

3.      On September 2, 2021 the Court entered an order removing the Debtor as debtor-in-possession and appointing the Trustee to perform the Debtor's duties under 11 U.S.C. §§ 704(a)(8) and 1106(a)(1), (2), and (6).

4.      On September 9, 2021, the Court entered an order authorizing the Trustee to employ Freeborn & Peters, LLP ("*Freeborn*") as his counsel retroactive to September 2, 2021 (ECF No. 142).

5.      On September 14, 2021, the Bankruptcy Court granted the application filed by the Subchapter V Trustee to employ Foresite Realty Management LLC as property manager.  Foresite Realty Management LLC is now known as Farbman Group of Chicago, LLC and the Bankruptcy Court approved that change on March 10, 2022.

6.      Three adversary proceedings have been filed in this case.  On August 27, 2021, an adversary complaint was filed against The Property Law Group, LLC by the Subchapter V Trustee.

On July 21, 2022, summary judgment was granted in favor of the Trustee and against The Property Law Group, LLC is the amount of $25,125.00.

7.      On April 1, 2023, Freeborn combined with the law firm SGR. Ms. DeRousse has and will continue to represent the Trustee as an attorney of SGR.[1]

8.      On April 19, 2023, an adversary complaint was filed against former board members of the Debtor and the directors and officers' insurer, United States Liability Insurance Company. The basis of the claim was that certain of the Debtor's former officers and board members committed breaches of fiduciary duty, mismanagement, and other acts, errors, omissions, misstatements, misleading statements, neglect and breaches of duty under Illinois law and the Debtor's bylaws.  On August 31, 2023, the Bankruptcy Court granted the Motion to Dismiss filed by United States Liability Insurance Company.  That decision was appealed to the District Court, and on March 31, 2025, the District Court affirmed the decision by the Bankruptcy Court. The remainder of the adversary case remains stayed by order of the Bankruptcy Court dated October 18, 2023.

9.      On July 13, 2023, the City of Chicago filed an adversary proceeding for deconversion of the condominiums.  On August 31, 2023, the Bankruptcy Court entered an order abstaining from presiding over the action, instead instructing and authorizing the City of Chicago to adjudicate that action in the Circuit Court of Cook County, Illinois.  Thereafter, on September 8, 2023, the City of Chicago did, in fact, file in the Circuit Court of Cook County, Illinois seeking the appointment of a receiver and the involuntary deconversion of the Debtor (the "Receivership Case").  The Receivership Case has been removed to the District Court for the Northern District

---

[1] At the time of the combination, SGR ran a conflicts check and found no new conflicts or relationships requiring an amended disclosure. SGR honored the deeply discounted rates Freeborn charged for the primary bankruptcy attorneys on this case.

of Illinois, case number 25-CV-13377.  On February 27, 2026, the District Court entered an order approving the sale of the Property, and the sale is currently in a due diligence period.

10.     On October 17, 2024, the Court approved the Amended Plan of Reorganization for the Debtor. *See* ECF No. 361.

11.     On February 26, 2025, the Court entered an order granting Freeborn's second and final fee application approving hourly fees and expenses for the period September 1, 2023 through March 31, 2023, totaling $245,826.41, consisting of $243,168.00 in fees and $2,658.41 in expenses, for which Freeborn has been paid $0.00. *See* ECF No. 380.

12.     On that same date, the Court entered an order granting SGR's first interim fee application approving hourly fees and expenses for the period April 1, 2023 through November 30, 2024, totaling $229,904.92 for which SGR has been paid $0.00. *See* ECF No. 379.

### **RELIEF REQUESTED**

13.     SGR rendered services on behalf of the Trustee from December 1, 2024 to February 28, 2026 (the "*Fee Application Period*"), for which SGR seeks final approval of compensation in the amount of $131,252.00 and reimbursement of expenses in the amount of $115.83 for a total of $131,367.83.

14.     By this Application, SGR seeks an order: (1) allowing SGR $131,252.00 in compensation and $115.83 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code, and (2) authorizing payment to SGR of $131,367.83, representing all unpaid amounts owing to SGR sought in this Fee Application Period.

15.     SGR has not previously sought approval of fees and expenses incurred for the period from December 1, 2024 through February 28, 2026.

## DISCUSSION

16.     Section 330(a) of the Bankruptcy Code provides, in pertinent part, that:

[T]he court may award . . . reasonable compensation for actual, necessary services rendered by the . . . attorney and by any paraprofessional person . . . and . . . reimbursement for actual, necessary expenses. . . .  In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including – (A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

17.     The Seventh Circuit Court of Appeals has stated that:

The computation of hourly fees depends on the number of hours "reasonably" expended, the hourly rate of each [professional], the calculation of the time value of money (to account for delay in payment), potential increases and decreases to account for risk and the results obtained, and a complex of other considerations under the heading of "billing judgment."

*Kirchoff v. Flynn*, 786 F.2d 320, 325 (7th Cir. 1986).  Additionally, other courts of appeal have

recognized that:

[I]t is important for the court to maintain a sense of overall proportion and not become enmeshed in meticulous analysis of every detailed facet of the professional representation.  It is easy to speculate in retrospect that the work could have been done in less time or with fewer attorneys or with an associate rather than a partner.  On the other hand, it is also possible that [the client] would not have enjoyed the success it did had its counsel managed matters differently.

*Boston and Main Corp. v. Moore*, 776 F.2d 2, 10 (1st Cir. 1985) (citations omitted).

18.     In reviewing the Application, the Court should be guided by the Seventh Circuit's

instruction to ascertain whether such services were rendered and billed in accordance with the

established market for legal services in similar matters:

5

> [I]t is not the function of judges in fee litigation to determine the equivalent of the medieval just price.  It is to determine what the lawyer would receive if he was selling his services in the market rather than being paid by court order.

*In re Continental Illinois Securities Litigation*, 962 F.2d 566, 568 (7th Cir. 1992); *see Mann v. McCombs (In re McCombs)*, 751 F.2d 286, 288 (8th Cir. 1984) (section 330 "is meant to encourage high standards of professional legal practice in the bankruptcy courts. . . .  Bankruptcy courts must consider whether the fee awards are commensurate with fees for professional services in non-bankruptcy cases, thus providing sufficient economic incentive to practice in bankruptcy courts").

19.     In *Continental Securities*, the Seventh Circuit found error in the lower court's practice of: (a) placing ceilings on the hourly rates of all lawyers; (b) refusing to allow paralegal services to be compensated at market rate; (c) refusing to award a risk multiplier; (d) making large across-the-board cuts in research time; (e) making large across-the-board cuts in conference time; and (f) refusing to allow attorneys to bill computerized legal research services (*e.g.*, LEXIS).  *See Continental Illinois Securities Litigation*, 962 F.2d at 568-70.

20.     In evaluating the Application, the Court should consider the novelty and difficulty of the issues presented, the skill required to perform the legal services properly, the preclusion of other employment caused by SGR's retention in this case, the customary fees charged in similar cases, the existence of time limits under which the services were rendered, the results obtained, the experience and ability of the attorneys involved, and the amount of awards of compensation in similar cases.  *See In re Alberto*, 121 B.R. 531, 534 (Bankr. N.D. Ill. 1990).

21.     SGR's hourly rates of compensation for those attorneys and para-professionals during the Fee Application Period range from $125 to $1,005 (though no professional having a rate of more than $780 billed on this matter).  Those rates are comparable to rates charged by other practitioners having the same amount of experience, expertise, and standing for similar services in

6

this jurisdiction. SGR consistently and consciously made every reasonable effort to represent the Trustee in the most economical, efficient, and practical manner possible. Due to the extreme distressed nature of this case, for Ms. DeRousse and Ms. Janczak, the rates being charged to the Trustee are significantly below the standard rates of those professionals.

22.     A summary of the compensation requested herein regarding each of SGR's professionals and para-professionals is set forth below:

| Timekeeper | Title | Year of Bar Admission | Rate | Hrs. | Total |
|---|---|---|---|---|---|
| DeRousse, Shelly A. | Partner | 2001 | $490.00 | 123.0 | $60,270.00 |
| Janczak, Elizabeth L. | Partner | 2010 | $400.00 | 1.9 | $760.00 |
| Sarma, Sanjiv | Associate | 2023 | $490.00 | 25.5 | $12,495.00 |
| Schmidt, Leslie A. | Paralegal | N/A | $325.00 | 1.5 | $487.50 |
| | | | $345.00 | 0.3 | $103.50 |
| Toosley, Adam C. | Partner | 2002 | $780.00 | 67.5 | $52,650.00 |
| Webster, Jacqueline E. | Paralegal | N/A | $325.00 | 2.5 | $812.50 |
| | | | $395.00 | 9.3 | $3,673.50 |
| **Grand Totals** | | | | **222.2** | **$131,252.00** |

23.     No agreement or understanding exists between SGR and any other person for the sharing of compensation received or to be received in connection with this case, other than as disclosed or authorized pursuant to the Bankruptcy Code, Bankruptcy Rules, and the Local Rules.

24.     SGR reserves the right to correct, amend, or supplement this Application, including, without limitation, to seek payment in the event this Application is not approved in full.

7

## SERVICES PERFORMED

25.     This Application sets forth in detail the work performed by SGR and the time spent during the Fee Application Period.

**A.     General                                                     $56,897.00**

26.     SGR spent 100.6 hours at a cost of $56,897.00 on general matters.  This category primarily includes time spent reviewing incoming pleadings, correspondence, and notices, preparing for and attending Court hearings on general case matters, corresponding with parties in interest concerning general case matters, communicating with the Trustee regarding the status of the Debtor's business and performing necessary administrative tasks typically associated with a Trustee representation (including performing court filings, maintaining and updating dockets, calendars, and correspondence files, and retrieving necessary documents).  Time in this category also includes time relating to the Debtor's board elections, which were organized by the Trustee and his professionals, special assessments, collections of assessments, conferring with association counsel, addressing maintenance, health and safety issues and emergencies, as well as general strategy meetings and services (including weekly and biweekly meetings with the Trustee and the property management team) that cannot be classified in one discrete category, or time relating to general case administration matters. Budgeting for the Debtor, as well as analysis of accounts payable and receivables also were billed into this category. SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit A.

**B.     Litigation                                                  $31,936.00**

27.     SGR spent 53.9 hours at a cost of $31,936.00 on litigation.  This category primarily includes time spent on litigation concerning the City of Chicago filed complaint seeking deconversion and the appointment of a receiver, and other proceedings, including foreclosure suits

8

filed on individual condominium units.  SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit B.

**C.      Freeborn Retention and Fee Applications**          **$10,435.50**

28.      SGR spent 17.4 hours at a cost of $10,435.50 on matters relating to preparation of fee applications for Freeborn and SGR. SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit C.

**D.      Other Professional Retention**                       **$10,337.00**

29.      SGR spent 15.5 hours at a cost of $10,337.00 on other professional retention matters.  This category includes services provided in connection with the preparation of the second interim application for allowance and payment of compensation and reimbursement of expenses for the Trustee and the preparation of the first and final fee application of Hirzel Law, PLC, as counsel to the Trustee. SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit D.

**E.      Client Communications and Meetings**               **$1,136.00**

30.      SGR spent 2.2 hours at a cost of $1,136.00 on client communications and meetings, which primarily includes time spent communicating with the Trustee regarding various case issues. SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit E.

**F.      Schedules and Reports**                             **$1,380.50**

31.      SGR spent 3.2 hours at a cost of $1,380.50 on schedules and reports. This category primarily includes time spent preparing, reviewing, and filing the Debtor's monthly operating reports.  SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit F.

9

**G.**     **Claims Analysis**                                    **$19,130.00**

32.     SGR spent 38.7 hours at a cost of $19,130.00 on claims analysis matters. This category primarily includes time spent analyzing the claim filed by Ford City Realty, Ford City CH LLC, and Ford City Nassim LLC (collectively, the "*Ford City Mall*"), filing an objection to their administrative claim motion, and conferring with counsel for the Ford City Mall in attempts to resolve their claim. SGR's detailed time records for this category are attached hereto and incorporated herein as Exhibit G.

### REASONABLE EXPENSES INCURRED

35.     Expenses during the Fee Application Period were incurred in the following categories:

(a)     Postage: SGR incurred expenses totaling $15.85 relating to postage.

(b)     Filing Fees: SGR incurred expenses totaling $99.98 related to filing fees.

36.     SGR's detailed expense records for this category are attached hereto and incorporated herein as Exhibit H.  All expenses incurred were ordinary and necessary expenses. All expenses billed to the Trustee were billed in the same manner as SGR bills non-bankruptcy clients.

37.     SGR does not bill its clients or seek compensation in this Application for certain overhead expenses, such as local and long-distance telephone calls, secretarial services, and facsimile transmissions.  Such expenses are factored into SGR's hourly rates.  SGR has not included certain other charges described herein in its overhead because it has determined that it is fairer to its smaller clients who use proportionately less of these services to have these expenses billed separately.

10

**BENEFIT TO THE ESTATE**

38. SGR has remained active on all matters in its representation of the Trustee as counsel during this case. SGR submits that the services set forth herein benefitted the Debtor's estate and its creditors by ensuring that the Debtor's assets were properly preserved, administered, and that they gained the highest value under the circumstances in order to maximize the potential recovery for general unsecured creditors.

**NOTICE**

39. Twenty-one days' notice of this Application has been provided to: (i) the U.S. Trustee; (ii) all counsel of record; and (iii) all entities entitled to notice pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, Smith, Gambrell & Russell, LLP respectfully requests that the Court enter an order:

(a) allowing SGR, on an interim basis, $131,252.00 in compensation for the Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(b) allowing SGR, on an interim basis, $115.83 in reimbursable expenses for the Fee Application Period as chapter 11 administrative expenses of the Debtor's estate pursuant to sections 503(b) and 507(a)(1) of the Bankruptcy Code;

(c) in accordance with the confirmed plan, authorizing payment to SGR of $131,367.83 out of the proceeds of the sale of any condominium units in accordance with Debtor's lien rights as identified in Section 9(g) of the Illinois Condominium Act, unless paid through other means; and

(d) granting such other and further relief as the Court deems just and proper.

11

Dated:  March 26, 2026            **WILLIAM AVELLONE, AS SUBCHAPTER
V TRUSTEE**

By: */s/ Shelly A. DeRousse*
    One of His Attorneys

    Shelly A. DeRousse
    Elizabeth L. Janczak
    Smith, Gambrell & Russell, LLP
    155 North Wacker Drive, Suite 3000
    Chicago, Illinois 60606
    Telephone:  312-360-6000
    Facsimile:  312-360-6520
    sderousse@sgrlaw.com
    ejanczak@sgrlaw.com

12